NANCY BANKSTON *v.* THOMAS J. BANKSTON.

N. B. filed her bill in the chancery court for the purpose of enforcing a decree in her favor, rendered in that court in 1830, which was a decree of divorce from bed and board of the defendant (T. J. B.) her husband, and appointing a

Bankston *v.* Bankston.

commissioner to ascertain and report the pecuniary condition of the husband, in order to fix proper alimony for the wife and maintenance for her infant child; and also ordering that until the further order of the court the husband (T. J. B.) should pay to the wife the sum of eight dollars monthly at the end of each month after the date of the decree, and that the question of alimony and maintenance shall be reserved until the report therefor shall be made. The commissioner reported that the husband was insolvent, and nothing further was done in the case; but the present bill was filed as an original bill in 1848, suggesting that the appellee, the husband, had acquired several slaves since the decree was made, and prayed that an account be taken of the amount due her upon the eight dollars per month allowed her in the former decree. The appellee denied the allegation that he owns several slaves, and states that he is not worth more than $400 or $500; and denies that he is in equity bound to pay the appellant any thing, because she received, by means of certain notes which were awarded to her in the decree of separation, two thirds of the whole property which he owned at the time of the divorce, and that the property he now owns he has acquired since the divorce, and the appellant (N. B.) has since married another man, with whom she now lives:—*Held*, that the bill was properly dismissed by the chancery court.

The eight dollars monthly was intended as a provisional allowance to the wife until the report of the commissioner should be made ascertaining the amount due her for alimony and the maintenance of her child; and when the commissioner reported that the defendant (T. J. B.) was insolvent, then the provisional allowance was at an end, for there was nothing out of which it could be paid.

The decree for the provisional allowance was not final, but it was of an interlocutory nature, and the plaintiff (N. B.) should have proceeded in the original cause, which was still pending.

The plaintiff having married again, and under the decree of divorce received much the larger part of the husband's property, what he now has being acquired since the date of the decree of divorce:— *Held*, that under the circumstances it would be inequitable to charge upon T. J. B. the amount claimed by (N. B.) plaintiff.

On appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

The facts of the case are contained in the opinion of the court.

*T. J.* and *F. A. R. Wharton* for appellant.

The appellant is unquestionably entitled to the monthly amount decreed her by the chancery court.

Bishop on Marriage and Divorce, 548, says, "Alimony is the allowance which a husband pays, by the order of court, to his wife who is living separate from him, for her maintenance. The allowance may be either during the pendency of a suit, in which case it is called alimony *pendente lite*, or after its termination, when it is called permanent alimony. It has no common law existence as a separate, independent right; but whenever found, it is appurtenant to a proceeding for some other purpose as for a divorce, no court in England having any jurisdiction to grant it where it is the only relief sought." Ib. § 549; 3 Atk. 547; 9 Watts, 90, &c.

I particularly refer to the language of Lord Loughborough, found at section 550, as follows: "I take it to be now the established law, that no court, not even the ecclesiastical court, has any original jurisdiction to give a wife a separate maintenance. It is always as incidental to some other matter, that she becomes entitled to a separate provision. If she applies in this court (that is, a court of equity,) upon a *supplicavit* for security of the peace against her husband, and it is necessary that she should live apart, as incidental to that the chancellor will allow her separate maintenance; so in the ecclesiastical court if it is necessary for a divorce *a mensa et thoro propter sævitiam.*"

*Potter* and *Mayes* for appellee.

It is not a matter of course to sustain a bill to enforce a former decree; if sufficient reasons appear why the decree should not have been entered, or ought not to be enforced, the bill will be dismissed. Story, Eq. Pl. § 641. Upon this rule it is plain the allowance cannot be now decreed as a continuing allowance, and the staleness of the demand is good cause to reject the whole of it.

There is another reason, complainant asserts, that she is now married to another. She swears to it, and files the affidavit as a jurat to her bill; her injunction bond admits the same fact; whilst she admits that her divorce was only from bed and board, yet she has married again.

I think this decree must stand for another reason. The order on which the bill is founded is interlocutory, and I insist that

the superior court of chancery has no jurisdiction to enforce such an order made in another cause. A bill lies, in a proper case, to carry into execution final decrees, but not a mere interlocutory order. And the only mode by which this order could have been enforced, if at all, was by a transfer and prosecution of the old cause in the superior court of chancery.

Mr. Justice HANDY delivered the opinion of the court.

This bill was filed by the appellant in the superior court of chancery, for the purpose of enforcing a decree in her favor rendered in that court in the year 1830. It shows that upon her bill filed in that cause for a divorce from the defendant her husband, a decree of divorce from bed and board was made, appointing a commissioner to ascertain and report the pecuniary condition of the husband in order to fix proper alimony for the wife and maintenance for her infant child, awarded to her custody, and ordering that until the further order of the court, the husband should pay to the wife the sum of eight dollars monthly, at the end of each month after the date of the decree, and that the question of alimony and maintenance should be reserved until the report thereupon should be made. The commissioner reported that the husband was insolvent, and nothing further appears to have been done in the cause.

The present bill was filed as an original bill in 1848, suggesting that the appellee, the husband, had acquired several slaves since the decree was made, and, that until shortly before this bill was filed, he had continued to be insolvent, and had paid nothing of the amount decreed against him. It prays that an account be taken of the amount due her upon the eight dollars per month allowed her in the former decree, and for execution therefor against the defendant.

The answer denies the allegation that he owns several slaves, and states that he owns but one, and that a small girl, and that his property is not worth more than $400 or $500. He denies that he is in equity bound to pay the complainant any thing, because she has received, by means of certain notes which were awarded to her in the decree of separation and which she has collected, at least two thirds of the whole property which he

owned at the time of the divorce. He states that the property he now has, he has acquired since the divorce, and that the complainant has long since married another man, with whom she now lives as her husband. This answer was made a cross-bill, and the complainant demurred thereto, and the demurrer was sustained.

By order of the chancellor, an account was taken under the prayer of the bill, and the report found due the complainant the sum of $3,496.98. Upon the final hearing the bill was dismissed, and this appeal was taken.

We think this decree is correct, both upon the law and merits of the case.

Upon the legal ground, we think that the bill is founded on a misapprehension of the nature and legal effect of the original decree. It treats that decree, as to the monthly allowance of eight dollars, as a final decree, giving her a fixed right to that sum without limit of time. Such was plainly not its object; and if it were, it is grossly erroneous, and should not be enforced. It was intended as a provisional allowance until the report of the commissioner should be made ascertaining the amount due her for alimony and the maintenance of her child, which were specifically prayed for in the bill. This is manifest from the terms of the decree and the nature of the case. When, therefore, the commissioner reported that the defendant was insolvent, as was speedily done, the provisional allowance was at an end, for there was nothing out of which it could be paid, and it is not to be supposed that the chancellor intended to impose a standing charge in such a case upon an insolvent man. But if such had been the legal effect of this allowance, it is not a final decree, but one of an interlocutory nature, and instead of filing this original bill, the complainant should have proceeded in the original cause, which, under the construction of this part of the decree contended for, must be considered as still pending and undisposed of, and had an account taken of the amount claimed to be due. In that proceeding, the chancellor could with more propriety have determined what was the intention of the decree, than could be done in an independent proceeding.

Upon the merits of the case, it appears by the answer which is admitted by the demurrer to the cross-bill, that under the decree of divorce the appellant received much the greater part of the husband's property, and has married again; that he was insolvent at the time of the divorce, and has since acquired what small property he has. Under these circumstances, it would certainly not be equitable to charge upon him the large sum of money claimed by the appellant. The amount allowable for alimony is graduated by the means and condition of the husband at the time of the divorce; and as he is shown to have been then insolvent, the chancellor very properly declined to decree any alimony against him. For the same reason he was not chargeable with the monthly allowance, which was a mere temporary substitute for alimony, and which ceased with the right to alimony.

The decree is affirmed.