[No. 2,494.]

## JAMES B. CHASE AND THOMAS DE VRIES v. CHRISTIAN H. CHRISTIANSON AND R. MURDOCH ET AL.

COLLATERAL ATTACK ON JUDGMENT.—If the Court has jurisdiction of the subject matter, and acquires jurisdiction of the person of the defendant, the decision of all other questions arising in the cause is but the exercise of that jurisdiction, and an erroneous decision of any of these other questions cannot impair the validity and binding force of the judgment, when brought in question collaterally.

ERRONEOUS JUDGMENT NOT VOID.—A judgment rendered by the Court in a cause in which it has jurisdiction of the subject matter and of the person is not void, even though it may exceed the measure of relief demanded in the complaint, and no answer may have been filed.

STAY OF EXECUTION.—The Court will not, on motion, order a perpetual stay of execution on an erroneous judgment, if it had jurisdiction of the subject matter and of the person of defendant.

SECTION ONE HUNDRED AND FORTY-SEVEN OF THE PRACTICE ACT.—Section one hundred and forty-seven of the Practice Act, which provides that the relief granted to the plaintiff shall not exceed that asked in the complaint, has no application to questions of jurisdiction.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

In the action to recover the street assessment, the complaint was filed December 30th, 1864. The plaintiff in his complaint asked for judgment against the lot, and that a decree be made for the sale of the lot, and that all persons claiming subsequent to the date of the warrant be barred and foreclosed of all equity of redemption. There was no claim for a personal judgment against the defendants. Judg-

ment was rendered December 23d, 1865, and it contained the following clause: "And it is further ordered, adjudged, and decreed that if the moneys arising from such sale shall be insufficient to pay the amount due to plaintiffs, with interest, costs, and expenses of sale as aforesaid, that the Sheriff specify the amount of such deficiency in his report of said sale, and thereupon judgment shall be docketed against the defendant, R. Murdoch, who is personally liable for the payment of the debt, for the amount of such deficiency, with interest thereon at the rate of ten per cent per annum from the date of said report; and that plaintiffs have execution therefor against said R. Murdoch, defendant within named."

An order of sale was issued on the judgment, and the lot was sold by the Sheriff on the 30th day of January, 1866. There was a deficiency of one thousand three hundred and fifteen and sixty-two one hundredths dollars returned by the Sheriff. An execution was issued against the property of Murdoch for this deficiency, and he moved the Court for a perpetual stay of the execution on the personal judgment. The Court below denied the motion, and the defendant, Murdoch, appealed from the order denying the motion.

The other facts are stated in the opinion.

*J. M. Seawell,* for Appellant.

*G. F. & W. H. Sharp,* and *James Mee,* for Respondent.

The judgment in this case was erroneous, and not void, and the omission to appeal within statutory time rendered it valid. (*Clarey* v. *Hoagland,* 6 Cal. 688; *Ex Parte Cohen,* 3 Cal. 494; *De Castro* v. *Richards,* 25 Cal. 52; *People* v. *Sheppard,* 28 Cal. 115; *Mayo* v. *Ah Loy,* 32 Cal. 480; *Langaneur* v. *French,* 34 Cal. 99; *People* v. *Doe,* 36 Cal. 220; *Blockman* v. *Van Inwagen,* 5 How. 367; 1 Smith Leading Cases, 828–848; *Hunt* v. *Loucks,* 38 Cal. 372.)

By the Court, WALLACE, J.:

The motion made by Murdoch to set aside the execution and to perpetually stay all other proceedings upon the personal judgment against him, was correctly denied.

The motion proceeded upon the assumed ground that the judgment itself was not merely erroneous, but was utterly void—so much waste paper—and to be treated as a mere nullity whenever and however assailed.

The subject matter of the action was a claim asserted by the plaintiffs for street work in San Francisco, and which was alleged in their complaint to have been assessed upon a certain city lot, of which Murdoch was averred to be owner. Murdoch appeared in the action and made defense. Here, then, was jurisdiction of the subject matter and of the person, and, these conditions conceded, the decision of all other questions arising in the case is but the exercise of that jurisdiction, and an erroneous decision of any of these other questions could not impair the validity and binding force of the judgment when brought in question collaterally.

One of the questions, and the first one in natural order, for determination at the trial of the action had in the Court below, was as to whether or not the plaintiffs had any claim to be paid. That being determined in their favor, then came the question of its amount. Upon that being ascertained, the *quo modo* of its enforcement unavoidably presented itself for the judgment of the Court. Murdoch was thereupon adjudged to be personally liable for any deficiency which might remain after the proceeds of the sale of the lot should be exhausted, and execution was accordingly directed to issue against his property therefor.

This was a decision upon the *quo modo*. The judgment of the Court might have disposed of the question in some other way. It might have limited the plaintiffs to the proceeds of the sale of the lot, or it might have adjudged Murdoch to

pay the entire sum of the plaintiff's claim, without directing a sale of the lot to be first made. Either of these determinations would have been valid in point of mere jurisdiction to render it. It is not the particular decision given which makes up jurisdiction, but it is the authority to decide the question at all. Otherwise all distinction between erroneous exercise of jurisdiction upon the one hand, and a total want of it on the other, must be obliterated.

Section one hundred and forty-seven of the Practice Act has no application to questions of jurisdiction. A judgment rendered by the Court in a cause in which it had jurisdiction of the subject matter and of the person, even though it might exceed the measure of relief demanded in the complaint, and no answer had been filed, would not be void for that reason, but erroneous merely.

The appeal from the judgment is dismissed, and the order of the Court below affirmed.

[The appellant, Murdoch, had previously brought an action to enjoin the judgment upon which the execution was issued. The case is reported in 37 Cal. 527.—Reporter.]