## DARROW v. DARROW

43  411
98  647

1. **Jurisdiction:** SATISFACTION OF JUDGMENT: ACTION. An action may be maintained in one county upon a judgment obtained in another, and it may be asked therein that a satisfaction of the judgment, procured through fraud, be set aside.

2 ———: ALIMONY: PRACTICE. A judgment for alimony is incidental to a decree for divorce, and may be rendered even if the original notice is silent respecting the claim for alimony.

3. ———. The defendant cannot avail himself of the defense, in an action upon the judgment, that the alimony granted was too large a sum.

*Appeal from Louisa Circuit Court.*

MONDAY, JUNE 12.

THE plaintiff filed her petition in the Louisa Circuit Court, alleging in substance that on the 17th day of June, 1872, she recovered judgment against the defendant in the Pottawattamie District Court, for the sum of $2500 and costs; that afterward defendant agreed to execute to plaintiff his several promissory notes, payable in yearly installments, in the aggregate amounting to the principal of the judgment, in consideration of which plaintiff entered satisfaction of the judgment; that defendant refuses to execute said notes, and that the satisfaction of the judgment was procured by fraud. Plaintiff asks that the satisfaction of judgment be set aside, and that she have judgment thereon.

The defendant denies that he agreed to execute his notes as alleged.

The second count of the answer alleges that the judgment is void, and was obtained fraudulently, and without jurisdiction, under the circumstances following: On the 19th of April, 1872, plaintiff filed her petition in the District Court of Pottawattamie county, praying a divorce, and such further relief as seemed just in equity and good conscience.

On the 25th day of April, 1872, defendant was served with notice of the pending of said suit, in Louisa county, Iowa, in which notice he was informed that plaintiff claimed a divorce and general relief.

On the 17th day of June, 1872, plaintiff filed an amended petition, without verification, asking $2500 alimony, and on the same day took a default against defendant and a decree for the amount claimed; that defendant had no notice of the new relief asked in the amended petition; that the amount of the decree is greatly in excess of all defendant is worth, and is oppressive and inequitable. To this answer are appended copies of the original notice, of the petition, amended petition, and decree.

The plaintiff filed a demurrer to the second count of defendant's answer, which was sustained. Upon final hearing the court decreed that the entry of satisfaction of judgment was procured by fraud, and rendered judgment for plaintiff for the amount of the original judgment, with interest. The defendant appeals, and presents for our consideration the following questions: 1. The Circuit Court of Louisa county had no jurisdiction of the case made by plaintiff's petition. 2. The court should have overruled the demurrer to defendant's answer.

*Cloud & Broomhall* and *Robert Caldwell*, for appellant.

No argument for appellee on file.

Day, J.—I. It is claimed that the Pottawattamie District Court, in which the judgment for alimony was rendered, alone has jurisdiction of an action to set aside the entry of satisfaction.

If the purpose of this action were only to affect the condition of the original judgment, and to place it in a condition that execution could issue from that court, the position of appellant would probably be correct. But this is an action upon the original judgment. The plaintiff asks that she may have judgment, in the Louisa Circuit Court, upon the judgment entered in the Pottawattamie District Court. As an incident to this relief, and that it may be possible to grant it, she asks that a satisfaction of the judgment sued on, procured by fraud, may be set aside.

We think the Louisa Circuit Court has jurisdiction to grant

this relief, as ancillary to the maintaining of a suit upon the judgment, the jurisdiction over which is admitted.

II. The demurrer was properly sustained. A judgment for alimony is incidental to a decree for divorce. The defendant was personally served with a notice that plaintiff claimed of him a decree of divorce, "and such other and further relief as the court may deem equitable and just in the premises."

This notice authorized the amendment claiming alimony. That the amendment was not verified does not affect the jurisdiction of the court. Code, section 2680. The court having jurisdiction of the person of defendant, and of the subject matter, the judgment is conclusive until set aside upon appeal or by other direct mode. That the alimony granted was too large a sum, does not now avail as a defense to an action on the judgment.

AFFIRMED.