[No. 7,181.—Department One.]
July 27, 1882.

61 119
96 313

## T. K. HUTCHINSON v. SUPERIOR COURT OF INYO COUNTY.

VERDICT—JURISDICTION.—In an action upon a promissory note for the sum of one hundred and thirty-one dollars and fifty cents, with interest and reasonable attorney's fees, the defense was, "that the note was made by the defendant without consideration, the same having been executed in accordance with and to carry out an illegal agreement." The verdict of the jury was: "We, the jury, find verdict for plaintiff;" and thereupon judgment was entered for the plaintiff for the principal of the note, costs, and fifty dollars attorney's fees.
*Held:* Taken together, the record and verdict showed the exact sum which the jury meant to find for the plaintiff, and the judgment is not void.
ID.—ID.—CERTIORARI.—Having jurisdiction, an error committed by the court in the exercise of its jurisdiction is not reviewable by certiorari.

APPLICATION for writ of certiorari.

*J. A. Barham,* for Plaintiff.

No brief on file for Defendant.

MCKEE, J.:

Certiorari to review a judgment of the Superior Court of Inyo County, rendered in an action which originated in a Justices' Court of that county, upon the following promissory note:

"$131 50.                    BISHOP CREEK, February 10, 1879.

"Thirty days after date, without grace, I promise to pay to the order of Charles Wanacott, at the office of George C. Alexander, one hundred and thirty-one dollars and fifty cents, in gold coin of the United States of America, with interest

thereon in like gold coin, at the rate of —— per cent per ——, from ——, until paid, for value received; and in case suit or action is instituted, to collect this note, or any portion thereof, I promise to pay such additional sum as the Court may adjudge reasonable as attorney's fees in said suit or action.                                    T. K. HUTCHINSON."

The case was taken up by appeal to the Superior Court, where the issue raised by the pleadings was tried with a jury, *de novo*, and the following verdict rendered: "We, the jury, find verdict for plaintiff." Upon recording the verdict, the Court, after allowing the sum of fifty dollars as a reasonable attorney's fee, gave judgment against the petitioner for one hundred and thirty-one dollars and fifty cents principal, eighty-six dollars costs, and fifty dollars attorney's fee.

It is contended that the judgment is void, because there was no verdict to sustain it, and the Court in rendering it exceeded its jurisdiction.

Section 626, C. C. P., provides that when a verdict is found for the plaintiff in an action for the recovery of money * * * the jury must also find the amount of the recovery. Assuming that the omission to find an amount for which judgment might be ordered, would be such an irregularity as might affect a judgment entered upon the verdict, and render the judgment voidable, the question arises, does such an irregularity render the judgment void?

It will be observed that the Court acquired by the appeal, jurisdiction over the parties and the subject-matter of the action; therefore it had authority to try the issues made by the pleadings in the case. The record shows that there was no issue between the parties as to the execution, terms, or amount of the promissory note—these were all admitted; but it was pleaded in avoidance that "the note was made by the defendant without consideration, the same having been executed in accordance with and to carry out an illegal agreement" between the maker and payee of the note.

The issue therefore was, and the only one, whether the note had been given for an unlawful purpose. Upon that the jury found for the plaintiff. The verdict responded to the issue; and it was sufficiently certain to serve as a basis for the judgment to which the plaintiff was entitled. Al-

though the form of it was irregular, yet as "*id certum est quod reddi potest*," it was only necessary to refer to the *pleadings* to make it certain. Taken together, the record and verdict showed the exact sum which the jury meant to find for the plaintiff, and the judgment which was entered under those circumstances is not void. (*James* v. *Wilson*, 7 Tex. 232; *Jackson* v. *Jackson*, 47 Geo. 99; *Lincoln* v. *Lincoln*, 12 Gray, 45.) Having jurisdiction, any error committed by the Court in the exercise of its jurisdiction is not reviewable by *certiorari*. (*Chase* v. *Christianson*, 41 Cal. 253; *Yenawine* v. *Richter*, 43 id. 312.)

Writ dismissed.

Ross and McKINSTRY, JJ., concurred.