[No. 8,940. Department One.— February 12, 1884.]

HERMAN SCHWARTZ, RESPONDENT, *v.* ADOLPH PALM ET AL., APPELLANTS.

MORTGAGE—FORECLOSURE—DECREE—MOTION TO MODIFY.—A decree of foreclosure should direct a sale of the particular estate or interest of the mortgagor in the mortgaged premises, as the same has been described in the mortgage. A decree of sale of a greater or lesser estate is erroneous, and should be corrected on motion.

ID.—MORTGAGE OF UNDIVIDED INTEREST.—When the estate mortgaged is described as an "undivided fourth interest, being all the interest which the mortgagor owns," a decree is erroneous which directs the sale of all the interest which the mortgagor had in the premises at the time the mortgage was given.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing to modify the same.

The facts are stated in the opinion of the court.

*George Cadwallader*, and *W. B. Treadwell*, for Appellants.

*Young & Young*, and *F. S. Sprague*, for Respondent.

McKEE, J. — Action by a mortgagee against a mortgagor, and a subsequent purchaser from him of the mortgage premises, to foreclose a mortgage given to secure payment of a promissory note.

Default judgment and a decree of foreclosure were entered in the case. From the decree and order denying a motion to amend it, the subsequent purchaser has appealed upon the ground that the decree exceeds the relief demanded by the plaintiff in his complaint. (§ 580, Code Civ. Proc.)

A decree of foreclosure should direct a sale of the particular estate or interest of the mortgagor in the mortgage premises, as the same has been described in the mortgage, because it is that, and only that, which has been mortgaged as security for the payment of the mortgage debt.

If such a decree directs the sale of any greater or less estate or interest than that described in the complaint and mortgage, it is erroneous (*Chase v. Christiansen*, 41 Cal. 253), and should be corrected on motion.

In this case the mortgage premises was described in the complaint and mortgage as: "The one undivided fourth interest, being all the interest which the mortgagor owns in two certain tracts of land in Yolo County, State of California, described as: . . . . Swamp land surveys, numbers 283 and 284 of swamp and overflowed lands in Yolo County, bounded," etc.; and the plaintiffs asked that "the usual decree be made for the sale of said premises described in said mortgage."

The decree ordered a sale of the mortgage premises as hereinafter described; but after describing the same as in the complaint and mortgage, it added the following: "Including herein *all* the interest which the mortgagor had in each and both of said tracts of land on the 26th day of July, 1878, when said mortgage was given."

In that particular the decree went beyond the relief to which the plaintiff was entitled. The mortgage was only upon an undivided one-fourth interest in the two tracts. It may be that

the mortgagor had a greater interest, although he said he had not. If he had he did not mortgage it, and it passed to the subsequent purchaser unaffected by the mortgage. At all events, the court could not, by it decree, subject to sale a greater interest than was in fact mortgaged.

The motion made by the defendant Carrol to correct the decree should have been sustained.

Order reversed and cause remanded, with direction to the court below to modify its decree as requested; and when so corrected the decree will be affirmed.

McKINSTRY, J., and ROSS, J., concurred.