## KETCHUM v. WHITE ET AL.

1. **Judgment:** SETTING ASIDE: ORIGINAL NOTICE: EVIDENCE.  Courts
of equity will not disturb adjudications which on their face appear to
be regular, on slight or unsatisfactory evidence.  Accordingly, in this
case, where it was sought to cancel a decree of foreclosure, and a sale
and deed made thereunder, on the ground that the court had no juris-
diction of plaintiff's person, because no original notice, according to
law, had been served on him; but the sheriff's return showed that he
had served the notice on plaintiff by reading it to his wife, a member of
his family over fourteen years of age, and delivering to her a copy,—
plaintiff not being found in the county,—and the sheriff testified on the
trial that the return was according to the facts; but plaintiff's wife and
a son, (who was at the time but eleven years old,) and the person to whom
plaintiff claimed the copy was delivered, all testified that it was not

delivered to the wife, but to another person, not a member of plaintiff's family, and that the notice was not read by the sheriff, but this testimony as to the details of the service was not given until five years after the transaction; *held* that it was not sufficient to overcome the presumption of regularity in the return, as supported by the sheriff's testimony.

2. ———: ———: ———: DEFECTIVE RETURN. A judgment will not be set aside on the ground that the return of the original notice (where service was made on defendant through his wife) fails to state that the copy was left at defendant's usual place of residence, as required by statute; (Code, §§ 2603, 2604;) for the court having passed on the sufficiency of the return in rendering the judgment, that question cannot be reviewed in a collateral proceeding.

3. ———: ———: EXCESS OF AMOUNT PRAYED FOR. A judgment for more than the amount prayed for in the petition is not on that account void, but only erroneous, and it cannot be assailed in a collateral proceeding. The remedy is by appeal.

4. **Appeal:** USELESS COSTS. In this case, although the judgment is affirmed, yet half the cost of printing appellee's amended abstract is taxed to him, because it contains much matter which was fairly abstracted by appellant.

*Appeal from Emmet Circuit Court.*

SATURDAY, JUNE 25.

THIS is an action in equity to cancel a judgment of foreclosure against plaintiff, as well as the sale of the mortgaged premises, and the sheriff's deed executed thereunder, on the alleged ground that the court rendering the judgment did not have jurisdiction of plaintiff. The circuit court upon a hearing dismissed the petition. Plaintiff appeals.

*J. S. Fletcher* and *Harrison & Jenswold,* for appellant.

*Soper & Allen,* for appellees.

REED, J.—The judgment which plaintiff seeks to have set aside was rendered at the January term, 1881, of the circuit court of Emmet county. Plaintiff alleges in his petition that no original notice was ever served on him in the action in which it was rendered; also that the promissory note on which it was rendered, or the greater portion of it, had been paid before the

suit was instituted. When the judgment was rendered, there was on file in the cause an original notice, on which was indorsed a return by the sheriff of Dickinson county, (which was the county of the plaintiff's residence,) in which the officer certified that he had served the notice on plaintiff's wife, who was joined as a defendant, by reading it to her, and delivering to her a copy, and that he had served it on plaintiff by reading it to his wife, a member of his family over fourteen years old, and delivering to her a copy; plaintiff not being found in the county. Plaintiff does not dispute that a copy of the notice was left at his place of residence, but his claim is that it was not left with his wife, but with another person who was temporarily at his house, but was not a member of his family. He introduced in evidence the depositions of his wife, and son, who, at the time was about eleven years old, and the person to whom he claims the copy was delivered, and they each testified that the notice was not read by the sheriff, and that the copy was not delivered to Mrs. Ketchum, but was delivered to the other person named. On the other hand, defendants introduced the testimony of the sheriff who made the service, and he testified that it was made in the manner recited in the return. In addition to this, it is shown that plaintiff's wife wrote to him informing him that the notice had been left at the house. This is substantially all of the evidence bearing on the question.

We think it is not sufficient to establish plaintiff's claim. The return of the officer was made at the time of the transaction, and the strong presumption is that it correctly states what had been done. It was the act of a public officer who had no interest in the matter except to perform the duties of his office. It is presumed that he knew what was requisite to the service of the writ, and, having undertaken to make the service, the presumption is equally strong that he performed the duty in the manner prescribed by law. And he clearly had no object in making a false return. On the other

hand, the depositions of plaintiff's witnesses were taken more than five years after the transaction to which they relate. There was nothing in the circumstances of the transaction to specially call their attention to it, or to fix the details of what was done in their minds. They doubtless gave their testimony honestly; but the particular matter in dispute, being but a mere detail of the business, is one about which they might easily be mistaken, and we believe they are mistaken. The fact that Mrs. Ketchum called the attention of her husband to the matter within so short a time is a circumstance strongly tending to show that the copy was placed in her hands at the time.

While courts of equity will interfere to prevent the enforcement of judgments rendered without jurisdiction, they will not disturb adjudications which on their face appear to have been regularly entered, upon slight or unsatisfactory evidence. Stress is laid upon the fact that the return did not show that the copy of the notice was left at plaintiff's usual place of residence, as required by the statute. (Code, §§ 2603, 2604.) But that is a matter which cannot be inquired into in a collateral proceeding. The circuit court, before rendering the judgment, was required to examine the return, and to pass upon the question of its sufficiency. Its determination that it was sufficient was an adjudication of that question, which, however erroneous, could, under the well-settled rule, be corrected only on appeal.

2. ——: ——: defective return.

The petition on which the judgment was rendered prayed for judgment for $200. The judgment, however, was for an amount greater than that, and it is insisted that the judgment is void for that reason. But all that could be said is that the judgment is erroneous in that respect. It is clearly not void, and it cannot be collaterally attacked on that ground.

3. ——: ——: excess of amount prayed for.

As appellee's amended abstract contains much matter which was fairly abstracted by appellant, one-half the cost of printing the same will be taxed to them. The judgment will be          AFFIRMED.

4. APPEAL: useless costs.