JONES, Respondent, vs. JONES, Appellant.

*December 17, 1890 — January 13, 1891.*

*Divorce: Vacating judgment.*

1. A judgment of divorce from bed and board should not be set aside on the ground that the defendant was misled as to its effect, supposing it to be a divorce from the bond of matrimony, where his motion for such relief was made more than a year after he had notice of the judgment.

2. A judgment of divorce from bed and board *forever* is not void, although the complaint prayed for such divorce *for a limited time* only and there was no answer. Such a judgment can, therefore, be set aside by the trial court only at the term at which it was rendered, or, upon motion made within one year after notice of the judgment, for the causes mentioned in sec. 2832, R. S.

APPEAL from the Circuit Court for *Milwaukee* County. The facts will sufficiently appear from the opinion.

For the appellant the cause was submitted on the brief of *McElroy & Trottman.* To the point that the judgment was unauthorized by and contrary to the statutes, and was therefore void, they cited R. S. sec. 2886; *Simonson v. Blake,* 20 How. Pr. 484; *Feikert v. Wilson,* 38 Minn. 341; *State v. Waupaca Co. Bank,* 20 Wis. 640; *Scheer v. Keown,* 34 id. 349; *Williams v. Hayes,* 68 id. 248; *McKenzie v. Peck,* 74 id. 208.

For the respondent there was a brief by *Parks & Robinson,* and oral argument by *Warham Parks.*

TAYLOR, J.   This is an appeal from an order of the circuit court of Milwaukee county made on the 8th day of March, 1890, refusing to set aside a judgment entered in this case November 10, 1883.

This action was an action for divorce from bed and board. The defendant was duly served with process in said action, but failed to appear in the case.  The complaint was served upon the defendant with the summons.  The prayer of the complaint was as follows: " The plaintiff prays for a judgment of separation from bed and board *for a limited time* from said defendant; that said defendant may be ordered to pay to the attorney for the plaintiff a reasonable sum of money to enable her to prosecute this action, and that the defendant may also be ordered to pay to the plaintiff temporary as well as permanent alimony, and for such other and such further relief in the premises as may to the court seem just, reasonable, and proper."   On the 10th of November, 1883, the circuit court entered the following judgment in the action, viz.: " Now, upon motion of David W. Small, plaintiff's attorney, it is hereby adjudged and decreed that a separation from bed and board between the plaintiff and defendant herein be and hereby is decreed and adjudged, and it is further adjudged and decreed that said plaintiff and said defendant be and are hereby separated *from bed and board forever;* that said defendant, *Allen Jones,* pay to the said plaintiff for support the sum of twenty-five dollars per month, payable on the first of each and every month, the first payment to be made for the month of November, 1883, within ten days after the service of notice of judgment, and that he, said defendant, pay the plaintiff's costs, fixed by the court at forty-five dollars.  By the court.  CHARLES A. HAMILTON, Circuit Judge."   Shortly after the entry of this judgment a copy of the same was duly served personally upon the said defendant, and after such service upon him an agreement was made between the parties by which the

alimony allowed to the plaintiff in the judgment was reduced to $20 per month.

The grounds set up by the appellant for his motion to set aside the judgment are — *first*, that he was in some way misled as to the effect of the judgment rendered in the action; he alleges that he supposed it was a divorce from the bond of matrimony instead of from bed and board; and, *second*, that the circuit court exceeded its powers under the complaint; that under the complaint, the defendant not appearing, the court should have rendered a judgment for divorce from bed and board for a limited term, and not "forever."

It seems to us that the circuit court properly disregarded the claim made by the defendant that he was misled as to the effect of the judgment in the case. Possibly if his motion had been made within one year after he had notice of the judgment the court might have considered it, and, if satisfied that he had been in fact misled or misinformed as to its effect, he might have obtained relief under sec. 2832, R. S. It is unnecessary to cite authorities to show that he was not entitled to any relief under said section after the lapse of nearly seven years after he had full notice of the judgment.

The other ground for relief, that the judge granted greater relief than that demanded in the complaint, would only entitle the defendant to relief by motion made at the same term at which the judgment was entered; and, if it was too late when he ascertained the fact to make the motion in time, then he could get relief only by appeal from the judgment.

The court had jurisdiction of the parties and the subject matter of the action, and had the right and it was its duty to render a judgment in such action; and having rendered a judgment therein which it might have properly rendered had the complaint asked the relief granted, the judgment

is not void, and could not, therefore, be set aside by the court which directed the same to be entered, unless it was set aside at the same term it was entered, or upon motion made within one year after notice of judgment, for the causes mentioned in said sec. 2832, R. S. That the judgment was not void, see *In re Graham,* 74 Wis. 450, 451; *State ex rel. Welch v. Sloan,* 65 Wis. 647.

The judgment not being void, all the cases agree that it cannot be set aside after the term at which it was rendered, or changed after that time, except for the purpose of making it conform to the judgment actually announced by the court.

*By the Court.*— The order of the circuit court is affirmed.