Baldwin, J.
This is a petition in error to reversea so called judgment for alimony in asuit for divorce. The one ground upon which it is sought to be reversed is, that no alimony or other relief other than divorce was asked in the petition. Petitioner asked “that the marriage contract heretofore existing between said parties be set aside, annulled and held for naught, and that she be restored to all her rights as a feme sole.”
*364 There was one child, the fruit of this marriage, and the court gave the plaintiff the care and custody of the minor child until the farther order of the court, and decreed that defendant “pay plaintiff the sum of $15.00 per month for the support of their said minor child, until said daughter shall arrive at the age of eighteen years.” This was payable monthly, and plaintiff was cut off from her claim of dower.
Revised Statutes, section 5689, provides for what causes divorce may be granted. Revised Statutes, section 5690, provides where actions for divorce or for alimony may be brought. Revised Statutes, section 5696, provides that “the court shall make such order for the disposition, care and maintenance of the children, if there are any, as is just and reasonable.” .Revised Statutes, section 5699, provides for right of wife, when divorce is granted for aggression of the'husband, which is the case before us. It provides, as far as it is necessary to recite, that “When a divorce is granted by reason of the aggression of the husband, the wife shall, by force of the judgment of divorce, be restored to all her lands, tenements and hereditaments not previously disposed of, and if she so desire, the court shall restore to her any name she had before such marriage; she shall be allowed such alimony out of her husband’s real and personal property as the court deems reasonable, having due regard to the property which came to him by marriage, and the value of his real.and personal estate at the time of the divorce,” etc.
Sections 5696 and 5699, by their terms, apply to all cases “where a divorce is granted by reason of the aggression of the husband,” providing some results which shall follow “ by force of the judgment of divorce,” others to be allowed by the court.
The legislature, apparently, intended a wise power on the part of the court to do what it deemed “reasonable,” without too technical an adherence to the rule? of pleading in ordinary civil cases.
This case, itself, shows the value of such discretion. There was a necessity to provide for the custody and care of the *365 child, and excellent reason to provide for its support, a provision, indeed, which might be for the benefit of the husband, as well as the wife. See Pretzinger v. Pretzinger, 45 Ohio St. 452.
Kerruish, Chapman & Kerruish, for plaintiff in error.
F. B. Skeels, for defendant in error.
We think the court had power to make the allowance, although it was not asked in the petition. The decisions in other states are in accordance with this bolding. See Stewart on Marriage and Divorce, sections 365, 366 and 367. 1 Am. & Eng. Cyclopædia of Law, 478.
The court may grant alimony, though not asked specifically, if the proper facts are before the court. Jackson v. Jackson, 1 McArth. (D. C.) 341; Chandler v. Chandler, 13 Ind. 492; Prescott v. Prescott, 59 Me. 146; Panon v. Panon, 43 Iowa, 411; Weishaupt v. Weishaupt, 27 Wis. 621; Wallingsford v. Wallingsford, 6 Har. & J. (Md.) 485; Lishey v. Lishey, 2 Tenn. Ch. 1.
The decree of the court of common pleas is affirmed.