[S. F. No. 3277.   In Bank.—November 20, 1906.]

## PAULINE COHEN, and GEORGE KNIGHT WHITE, her Assignee, Respondents, v. MEYER COHEN, Appellant.

DIVORCE—JUDGMENT FOR ALIMONY—COLLATERAL ATTACK—DEFECTIVE COMPLAINT—PRAYER FOR GENERAL RELIEF—JURISDICTION.—A judgment for alimony included in a judgment for divorce based upon a complaint stating a cause of action for divorce for extreme cruelty, but containing no averments concerning property or the husband's ability to pay alimony, and containing only a prayer for divorce and for general relief, is not void upon its face nor subject to collateral attack. The defect in the complaint does not go to the jurisdiction to include alimony in the judgment.

ID.—REMEDIES IN SUPERIOR COURT.—The superior court has no power to set aside such judgment for alimony as an act done without jurisdiction. It can be modified therein as in excess of the relief specifically prayed for in case of default only by proceedings under section 473 of the Code of Civil Procedure, or by proceedings in equity.

ID.—APPEAL FROM ORDER MODIFYING AND VACATING PERMANENT ALIMONY—REMARRIAGE OF PLAINTIFF—JURISDICTION NOT REVIEWABLE.—Upon an appeal from an order of the superior court modifying the judgment as to permanent alimony by enforcing it for accrued payments and vacating it from a fixed date, under a motion to vacate and modify it solely on the ground that equity and justice required that it should be vacated because of the remarriage of the plaintiff, the original jurisdiction of the court to render the judgment for alimony is not reviewable.

ID.—RIGHT OF HUSBAND TO VACATE ALIMONY UPON REMARRIAGE OF WIFE—EXCEPTIONS—PRESUMPTIONS.—The divorced husband may, in general, secure an order vacating the decree for permanent alimony upon remarriage of the divorced wife, excepting where it appears to have been awarded in lieu of the wife's rights of property, or where it appears that the second husband is unable to support her. In the absence of any averments of the complaint as to the husband's property and of any showing to the contrary, it must be presumed that the alimony allowance had no other basis than her husband's general obligations of support and maintenance; and in the absence of any showing that the second husband is unable to support her, his ability to do so must be presumed; and where no rights of children are involved, all alimony accruing after the remarriage should be vacated.

ID.—LACHES NOT IMPUTABLE TO HUSBAND—ESTOPPEL OF WIFE.—The delay of the defendant in proceeding for a vacation of the decree for a period less than the statute of limitations does not constitute

laches, where it appears that he had no actual knowledge of the allowance and nothing was said about it in the complaint, and before the decree the wife made a conditional agreement in writing with the husband that she would not ask alimony, and not long after the decree she removed from the state and remarried in another state nine months after the divorce, and gave him no notice that she had obtained such allowance. The wife in such case is estopped to complain of the delay of the husband; and he was not required to proceed to avoid a liability of which he was ignorant.

ID.—ASSIGNMENT OF UNDEMANDED ALIMONY AFTER REMARRIAGE—CAVEAT EMPTOR—SUBJECTION TO ATTACK.—A judgment for alimony is not a negotiable instrument; and where it was assigned long after the wife's remarriage, and no part of it had ever been paid or demanded from the husband, it is eminently a case for the application of the maxim *caveat emptor*, and the assignee purchasing the judgment got the right he bought and no more. The judgment is subject to the same attack in his hands as it would have been had it remained in the name of the original plaintiff; and he is not entitled to enforce any unpaid alimony accruing after the plaintiff's remarriage.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Henry H. Davis, W. R. Daingerfield, and Jerome H. Kann, for Appellant.

H. M. Owens, T. C. West, L. C. Pistolesi, George Knight White, and Henry G. Tardy, for Respondents.

SHAW, J.—Pauline Cohen, on January 4, 1898, obtained a decree of divorce from the defendant, Meyer Cohen, judgment being taken by default for his failure to appear or answer. The decree adjudged that Meyer Cohen should pay to Pauline, as permanent alimony, the sum of ten dollars per month thereafter. On October 4, 1898, Pauline was married to one Hoffman. On December 4, 1901, Pauline duly assigned to George Knight White all money due her under the decree. On December 13, 1901, White obtained an order in the case requiring the defendant to show cause before said superior court on December 20, 1901, why an execution should not issue against him for the money due. The matter was continued to January 17, 1902, and in the mean time the

defendant served notice of a motion to vacate and modify the decree for alimony, upon the ground that since the rendition of the decree the plaintiff had become the wife of Hoffman, and that equity and justice demanded a modification thereof. Both motions were heard together. The court refused to vacate the decree as to the amounts already accrued, but modified it by directing that the payments of alimony thereon should cease after January 15, 1902, and directed that execution be issued for the sums previously accrued, amounting to four hundred and ninety dollars. From this order the defendant appeals.

The complaint alleges a good cause of action for a divorce on the ground of extreme cruelty, but contains no averments concerning property or concerning the husband's ability to pay alimony. The prayer is for a divorce and for ''such other relief as may be just and meet in the premises and within the jurisdiction of the court.'' It is now contended that the judgment for alimony is void on the face of the record, because of the absence of any averments in the complaint of facts showing the husband's faculties, or of any prayer for that particular relief. There are two reasons why this claim cannot be upheld.

In the first place, the defect does not go to the jurisdiction, and hence does not render the judgment void. In *Gaston* v. *Gaston,* 114 Cal. 545, [55 Am. St. Rep. 86, 46 Pac. 609], this court said: ''It is argued that the portion of the judgment requiring the payment of forty-five dollars per month for the support of plaintiff is void because no statement of the husband's ability was contained in the complaint. The provision for support in such cases is ordinarily an incident of the judgment of divorce; the jurisdiction of the court (which is the extent of our concern at present) to make such provision is not dependent upon averments in the complaint of the husband's resources—any more than its power to dispose of the children depends upon an allegation of the relative fitness of the parents for their custody.'' The following cases are to the same effect: *Sprague* v. *Sprague,* 73 Minn. 474, [72 Am. St. Rep. 636, 76 N. W. 268] ; *McKensey* v. *McKensey,* 65 N. J. Eq. 633, [55 Atl. 1073] ; *Seibly* v. *Ingham,* 105 Mich. 584, [63 N. W. 528] ; *Darrow* v. *Darrow,* 43 Iowa, 411; 2 Bishop on Marriage, Divorce, and Separation, secs. 1008, 1009.

The judgment is not void on the ground that it gives relief in excess of that specifically prayed for. Section 580 of the Code of Civil Procedure, providing that where there is no answer the relief cannot exceed that demanded in the complaint, does not make the judgment void in a case where the relief given is within the terms of a prayer for general relief and is germane to the cause of action stated, although it may not be authorized by the facts alleged. In such cases the judgment may be erroneous as to the excess and subject to reversal or modification on appeal, but it is not void, nor subject to collateral attack on that ground, nor has the lower court power to amend or modify it as to the excess, as an act done without jurisdiction. It can be modified in the lower court only by proceedings under section 473 of the Code of Civil Procedure, or by proceedings in equity. It has indeed frequently been held that a judgment for more relief than is prayed for is not void as to such excess and cannot be attacked in collateral proceedings, although there is no prayer for general relief. (*Bond* v. *Pacheco,* 30 Cal. 530; *Chase* v. *Christianson,* 41 Cal. 253; *Mach* v. *Blanchard,* 15 S. Dak. 439, [91 Am. St. Rep. 698, 90 N. W. 1042]; *Harrison* v. *Trust Co.,* 144 N. Y. 326, [39 N. E. 353]; *Ketcham* v. *White,* 72 Iowa, 193, [33 N. W. 627]; *Jones* v. *Jones,* 78 Wis. 446, [47 N. W. 728].)

Secondly, the defendant did not move the court below to vacate this part of the judgment on the ground that it was void, but upon the ground that equity and justice required that it should be vacated because of the remarriage of the plaintiff, and the court below having refused to set it aside, this court cannot on appeal from the order denying that motion go beyond the matter appealed from and vacate the judgment on a ground not presented to the court below nor involved in the appeal,—namely, that the judgment is void for want of jurisdiction. It is not an appeal from the judgment, and this court cannot on the appeal from the order in question inquire into the jurisdiction to render the judgment.

Upon the merits of the motion it is insisted that upon the showing made the court should have modified the judgment by an order releasing the defendant from any obligation to pay the sums accruing after the plaintiff's marriage to Hoffman. In this we think counsel is correct.

The code expressly gives the court power to modify from time to time its orders respecting permanent alimony. (Civ. Code, sec. 139.) The judgment, in the first instance, might have been made for a gross sum, or for periodical payments, either for a stated period, or, as in effect was done, during the life of the plaintiff. (Civ. Code, sec. 139.) To change this judgment so as to require the payments for a stated period only, would not be an annulment of the original judgment, but only a modification thereof. Therefore, such modification would be within the power of the court, even if it were conceded that the power to modify did not give authority to vacate such order in its entirety. "Where a wife has obtained an absolute divorce carrying with it the privilege of a remarriage, and permanent alimony is decreed to her, it is generally held that the husband, upon her subsequent remarriage, may secure an order vacating the decree as to alimony." (14 Cyc. 787, citing *Casteel* v. *Casteel*, 38 Ark. 477; *Brown* v. *Brown*, 38 Ark. 324; *Bowman* v. *Worthington*, 24 Ark. 522; *Stillman* v. *Stillman*, 99 Ill. 196, [39 Am. Rep. 21]; *Southworth* v. *Treadwell*, 168 Mass. 511, [47 N. E. 93]; *Albee* v. *Wyman*, 10 Gray, 222; *Bankston* v. *Bankston*, 27 Miss. 692; *Olney* v. *Watts*, 43 Ohio St. 499, [3 N. E. 354]; *Brandt* v. *Brandt*, 40 Or. 477, [67 Pac. 508].) There is a qualification of this rule, generally adverted to in the cases cited, to the effect that such a remarriage does not authorize a vacation of the decree for alimony, where it is given as a substitute for, or in lieu of, the wife's rights, at the time of the decree, in the property of the husband, or in the community property, or in property which he acquired from her by the marriage. This qualification does not affect this case, however, for there is no claim here that the allowance in question was based upon either of those grounds. In view of the absence of any allegations in the complaint as to his property and of any showing to the contrary on the hearing of the motion, it must be presumed that the allowance had no other foundation than the obligation to give her support and maintenance, which was a part of his marriage covenant, and that it was not based upon any property rights possessed by her at the time of the divorce.

In support of the defendant's motion it was shown that the remarriage took place in Seattle, Washington, on October

4, 1898; that after the filing of the complaint for divorce, and prior to the decree, the plaintiff, in writing, promised the defendant that she would not ask alimony in the action; that the defendant had no actual knowledge of the allowance of alimony in the judgment until December 1, 1901; that he thereupon began proceedings upon the motion to vacate that portion of the judgment; and that no part of the allowance had ever been paid. No evidence was introduced by either party concerning the ability of the second husband to support the plaintiff. It was held in *Southworth* v. *Treadwell,* 168 Mass. 511, [47 N. E. 93], that the fact of remarriage gave the wife the right to claim support from another man and throws upon her the burden of proving that such support is not adequate to her needs, and is *prima facie* sufficient cause to revise the judgment for alimony. We think this rule is just and equitable. The presumption would be that the second husband was able to fulfill his marriage covenant and support his wife according to her station in life. This is the ordinary and normal condition of married persons, and such ordinary condition is to be presumed until the contrary is shown. (Code Civ. Proc., sec. 1963.) If in fact the second husband was unable to give his wife reasonable support, the wife would be better advised of the facts than the former husband, and justice would require that proof of such inability should be produced by her. It is to be gathered from the decisions in *In re Spencer,* 82 Cal. 110, [23 Pac. 37], and *Ex parte Spencer,* 83 Cal. 460, [17 Am. St. Rep. 266, 23 Pac. 395], that this court there held that the remarriage of a wife does not of itself avoid a previous decree for alimony. But we believe that the cases wherein the alimony should be continued after the remarriage are extremely rare and exceptional, particularly where there are no children of the former marriage. Good public policy would not compel a divorced husband to support his former wife after she has become another man's wife, except under extraordinary conditions, which she should be required to prove. Unless such conditions are shown by her to exist, the court should, on the former husband's motion, cancel all payments accruing after the remarriage, in all cases where, as here, there are no children and the allowance is based solely upon the husband's probable earning capacity, or upon his breach of the marriage vows, and not upon existing property rights.

The delay of the defendant in proceeding for a vacation of the allowance does not under the existing circumstances constitute laches. Delay for a time less than the period of limitation does not amount to laches, unless it occasions, or may be presumed to occasion, wrong or prejudice to the other party, an element entirely lacking here. (*Cahill* v. *Superior Court*, 145 Cal. 46, [78 Pac. 467].) He had no actual knowledge of the allowance. She did not in her complaint allege his abilities, or pray specifically for an allowance. Before the decree she made a conditional agreement with him that she would not ask alimony. Not long after the decree she removed to the state of Washington, and was there remarried nine months after the divorce, and she never at any time before the assignment demanded any payment on account of the alimony allowed, or gave him any notice that she had obtained such allowance. She is certainly in no position to complain of the delay, and he was not called upon to proceed to avoid a liability which he had reason to believe did not exist and of which he was in fact unaware.

The defendant did not assign the judgment to the respondent White until December 4, 1901. The bill of exceptions recites that evidence was given that "the assignment was for a valuable consideration," but the price is not otherwise stated. It is, however, immaterial. The contention that the assignee, White, is an innocent purchaser for value, and that therefore the decree for alimony already accrued cannot be modified as against him, cannot prevail. The judgment is not a negotiable instrument. No part of it had ever been paid, nor, so far as appears, had any demand ever been made for it. If an obligation could be dishonored by failure to comply with it, then certainly this obligation was so dishonored. It is eminently a case of the application of the maxim *caveat emptor*. The purchaser got the right he bought and no more, and the decree is subject to the same attack in his hands as it would have been had it remained in the name of the original plaintiff.

The order appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.

Angellotti, J., Henshaw, J., McFarland, J., and Beatty, C. J., concurred.