M. J. LEE, Respondent, v. ARNE LUCKASEN and Hilda Luckasen, Appellants.

(204 N. W. 831.)

Judgment — application to vacate judgment, not alleging any statutory grounds, must be denied if judgment and order are not void.

An application to vacate a judgment and court order upon the sole ground that the judgment and order are void, and which does not allege any of the

statutory grounds for the vacation of judgments or orders, must be denied when judgment and order attacked are not void.

Opinion filed June 29, 1925.

Judgments, 34 C. J. § 582 p. 374 n. 97.

Appeal from District Court, Griggs County, *Cole, J.*
Affirmed.
*O. S. Gunderson,* for appellants.
*E. G. Larson* and *Barnett & Richardson,* for respondent.

BURKE, J. This action was brought on the 28th day of September, 1922, for the foreclosure of a real estate mortgage. The summons and complaint were duly served upon the defendants who failed to answer and made no appearance of any kind in said action. Judgment by default was duly ordered and entered on the 17th day of February, 1923. Thereafter the mortgaged premises were sold and the report of the sale confirmed on the 2nd day of June, 1923. On the 25th day of August, 1923, the judge of the district court, upon complaint and affidavit of E. G. Larson, attorney for the plaintiff, issued an order appointing E. G. Larson temporary receiver, and providing that the defendants, and each of them, show cause before the court, on the 27th day of September, 1923, at the courthouse in the city of Fargo, at .10 o'clock in the forenoon of said day, why said receiver should not be continued in office until the final disposition of matters involved. The order to show cause was served upon the defendants on the 5th day of September, 1923. Thereafter, and on the 27th day of September, 1923, plaintiff appeared, by and through his counsel, and the defendants failing to appear, the court appointed the said E. G. Larson receiver, to receive the crops, and proceeds thereof, raised upon the mortgaged lands during the year 1923, and further ordered that the defendants and each of them should turn over to the receiver all crops raised during the season of 1923, grown upon the mortgaged land in said action. On the 25th day of January, 1924, O. S. Gunderson, attorney for the defendants, filed in the district court, in said action, an affidavit, alleging that he is attorney for the defendant and that he is making the affidavit in their behalf; that the defendants executed the

mortgage in said action; that owing to adverse conditions they were unable to pay the mortgage debt when due; that the summons and complaint in said action were duly served upon them; that they had no valid defense in said action and made no answer and did not appear therein; that judgment in said action was entered against them by default and that the same was excessive in including $1413.25 of taxes, a deficiency judgment of $586.22, and excessive attorney fees, all of which was not included in the prayer of the complaint. The said affidavit further alleged that the appointment of the receiver was illegal and void, and upon such affidavit the court duly issued its order to the plaintiff to appear before said court in the city of Fargo, on the 1st day of February, 1924, and show cause why the said judgment or decree of foreclosure should not in all things be vacated, annulled and set aside, and to show cause why the said foreclosure sale of said premises should not be declared null and void, and to show cause why the receivership proceedings should not be annulled and set aside and the said receiver discharged. Thereafter, and on the day appointed, plaintiff appeared by his attorney and answered the affidavit of the defendants' attorney. The defendants offered no further statement, by affidavit or otherwise, and upon a showing made at the said hearing, the court made an order as follows:—

"After hearing the respective counsel and their contentions, the court, being fully advised in the matter, and it appearing that the defects complained of in petitioner's petition were, in fact, not as petitioner believed them to be, and that there is no defect in the foreclosure proceedings or of the sale of the property, it is ordered that the order to show cause be vacated and set aside."

From this order the defendants duly appealed to this court.

The defendants' action amounts to a motion to set aside the judgment and the foreclosure sale of the property in said action and the order appointing a receiver on the ground that the same are void, and there is nothing in the showing made by the defendants that would justify the setting aside of said judgment, foreclosure sale, and order appointing a receiver upon any other ground. There are none of the statutory grounds for vacating judgments alleged in the affidavit as provided in § 7483, Comp. Laws 1913. The affidavit admits that defendants have no defense to said cause of action. There is no affidavit

of merit, no offer of payment, nor any evidence of any effort on the part of defendants to redeem, or to vacate the judgment so that the defendants might answer, in fact, from the record and the admission in defendants' affidavit, if the judgment was vacated and the defendants permitted to answer, the judgment would be the same in another trial, with additional interest added.

The defendants' sole ground is that the proceedings are void. Even if the judgment was excessive, it is well settled that it is not void.

In the case of Mach v. Blanchard, 15 S. D. 439, 58 L.R.A. 814, 91 Am. St. Rep. 698, 90 N. W. 1043, the court says: "In New York, Iowa, California, and Wisconsin, under statutes relating to demands for relief, and relief in default cases, substantially if not identically the same as those in this state, the courts of last resort have held that where the defendant has not answered, and the judgment grants relief not demanded in the complaint, the judgment is not on that account void but only erroneous. Harrison v. Union Trust Co. 144 N. Y. 326, 39 N. E. 353; Ketchum v. White, 72 Iowa, 193, 33 N. W. 627; Bond v. Pacheco, 30 Cal. 530; Chase v. Christianson, 41 Cal. 253; Jones v. Jones, 78 Wis. 446, 47 N. W. 728. The same conclusion was, in effect, reached by this court in McArthur v. Southard, 10 S. D. 566, 74 N. W. 1031, and this court has held in a criminal action that where the court below has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the judgment void. Re Taylor, 7 S. D. 382, 45 L.R.A. 136, 58 Am. St. Rep. 843, 64 N. W. 253. Our conclusion is that the judgment in Parszy v. Mach, 10 S. D. 555, 74 N. W. 1027, was erroneous, but not void. This view is supported by abundant authority and is consonant with sound reason."

Defendants state in brief that they have found but one case which appears to be directly in point, namely, Hibernia Sav. & L. Soc. v. Conlin, 67 Cal. 178, 7 Pac. 477. This case holds that the judgment was not void.

Again, in the later case of Shirran v. Dallas, 21 Cal. App. 405, 132 Pac. 457, the court says:—

"What has already been said applied with equal pertinency and force to the assault upon the judgment in question because of the alleged illegal allowance of costs and the asserted excess in the amount

awarded by said judgment over the amount sued for. As to the matter of costs, it is to be added that the cost bill is no part of the judgment roll, and it is to be conclusively presumed, in support of the judgment, that all the requirements of the statute which are necessary to the giving the court authority to allow costs were duly and regularly observed. The same presumption is to be indulged with respect to the matter of the alleged excess in the sum awarded by the judgment over that declared upon in the complaint, conceding that such a variance in fact exists. In other words, the court having acquired jurisdiction of the subject matter of the action, and of the defendant, it likewise acquired jurisdiction to render judgment in the action; and, if thus it awarded to the plaintiffs more than their complaint showed that they claimed or were entitled to, the judgment for that reason is merely erroneous, correctible only on appeal therefrom." 1 Freeman, Judgm. § 135, and authorities cited in footnotes at page 252.

Since the judgment is not void, and the showing of the defendants is not such as to entitle them to a vacation of the judgment on any other ground, the judgment of the lower court must be, and is, affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.