[Civ. No. 6075. First Appellate District, Division Two.—June 2, 1928.]

THE OSCAR KRENZ COPPER & BRASS WORKS, INC., (a Corporation), Respondent, v. M. G. SHAMGO-CHIAN, etc., et al., Appellants.

Carl E. Lindsay and Lindsay & Conley for Appellants.

E. A. Douthitt, Dudley D. Sales and Theodore M. Stuart for Respondent.

NOURSE, J.—Plaintiff sued the defendants as husband and wife to set aside as fraudulent the deed of the husband to his wife of certain real property in Fresno County. Plaintiff had judgment from which the defendants have appealed on a typewritten transcript.

In the early part of 1918 the defendant husband erected a factory at Manteca in which he installed certain machinery which he had purchased from plaintiff under a written contract under which he agreed to keep the machinery insured against fire. As an inducement for this contract this defendant then represented that he was the sole owner of the real property in suit and that it was clear of all indebtedness. The Manteca plant was destroyed by fire in 1918 and soon thereafter this defendant was arrested and charged with arson. Pending trial of the charge, and on August 28, 1918, this defendant voluntarily conveyed to his wife the property in suit consisting of 58 acres of vineyard land of the estimated value of $60,000. In March, 1919, this defendant was tried and acquitted of the charge of arson and in August of the same year the insurance companies paid him $27,554.68 for the loss sustained in the fire, the adjustment having been made by a broker employed by this defendant immediately after the fire and given full authority by him to deal with his numerous creditors. This agent, with the sanction of this defendant, assured these creditors that their claims would be paid from the moneys received from the insurance, but, when this defendant received the moneys, he failed to make payment. In a suit upon the claim judgment was had by the plaintiff herein for the full amount of its claim and execution thereon was returned in the sum of $8.78 which was credited on the judgment.

At the time of the execution of the deed to the property in suit the liabilities of the husband far exceeded his assets other than this particular property. There was no consideration for the transfer other than an indebtedness claimed to be owing the wife which defendants claim to have been $9,250. The net annual income from the property was estimated to be $9,000. The two defendants continued to live

upon the property after the transfer, the wife claiming that she paid her husband $700 a year for his services in caring for the property.

■ The trial court found that the deed was voluntarily given, without valuable consideration, at a time when the husband was in contemplation of insolvency and with the purpose of defrauding his creditors; that by this conveyance he rendered himself insolvent, and that plaintiff was not barred by laches.

On this appeal the burden of appellant's attack is that these findings of the trial court are not sustained by the evidence. Though the appeal is presented on a typewritten transcript, the appellants have not printed the findings attacked or the evidence upon which they were made as required by section 953c of the Code of Civil Procedure (*Estate of Berry*, 195 Cal. 356, 358 [233 Pac. 330]). The respondent has come to their assistance to some extent, printing some evidence in support of the findings attacked. The appellants told a fanciful tale of how the wife, a girl of fifteen years, came from Armenia in 1907 with $3,000 in Turkish gold which she carried on her person, of how she met and married her co-defendant at Ellis Island, New York, and joined him in his tailoring shop near Boston where she earned and saved some $4,800 in a period of four years. The stories of the investments of these moneys and of the purported assignment of a mortgage to her brother-in-law in 1918, which was shown from the records of the county recorder to have been fully satisfied and canceled in 1914, are of such a character that the trial court was fully justified in rejecting the appellants' testimony. We do not deem it necessary to copy into this opinion the conflicting testimony merely to say that it supports the findings. We are satisfied that the evidence and the inferences applicable fully support every finding under attack.

It is argued that the action of respondent is barred by laches because it was not commenced until about two and one-half years following the judgment on the machinery contract. ■ Where, as here, laches is not apparent on the face of the pleading, it is a defense which must be pleaded and proved like any other issue of fact. ■ "Delay for a time less than the period of limitation does not amount to laches, unless it occasions, or may be presumed to occasion, wrong

or prejudice to the other party" (*Cohen* v. *Cohen*, 150 Cal. 99, 105 [11 Ann. Cas. 520, 88 Pac. 267]). Appellants have failed to show any error here.

It is argued that the conveyance is good as to the wife even though made by her husband in contemplation of his insolvency. The argument is based upon the claim that the wife was a *"bona fide"* creditor of her husband and that the conveyance was made for a valuable consideration. It means little that the trial court did not find that the wife actually participated in the fraud with full knowledge of the circumstances. If the issue had been raised in that form the finding would have of necessity been adverse to appellants. The trial court could well have found under the evidence that all the claims of indebtedness made by the wife were purely fictitious and that the conveyance was wholly without consideration.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1928.

All the Justices present concurred.