JOSEPH W. McCLURG AND OTHERS, SURVIVING PARTNERS OF THE FIRM OF McCLURG, MURPHY & Co., Defendants in Error, *v.* HENRY HURST, Plaintiff in Error.

1. *Practice—Judgment—Trial.*—Where the defendant goes to trial without having filed an answer, and the damages are assessed without the previous entry of an interlocutory judgment, he will be considered as having waived the irregularity.

*Error to the Moniteau Circuit Court.*

*Ewing & Smith* and *E. S. Knight,* for plaintiff in error.

*W. G. Howard,* for defendants in error.

HOLMES, Judge, delivered the opinion of the court.

The petition contained two counts, one upon a promissory note, and the other upon an account. At the return term, the defendant appeared and obtained leave to file his answer within sixty days before the next term. On the third day of the next term the parties, plaintiff and defendant, appeared by their counsel. The case was tried by a jury, and a final judgment was rendered upon the damages assessed. No answer had been filed, and no judgment by default, *nil dicit,* or confession, had been previously rendered. If the defendant had not appeared at all, or if he had refused to go into an assessment of the damages before the entry of a judgment by default, *nil dicit,* or confession, and had taken proper exceptions to any other course of proceeding at the time, he might now be heard to complain of error committed. But having made no objection, and having *voluntarily* proceeded with an inquiry of the damages in the same manner as if an answer had been filed raising an issue for trial, or as upon an issue confessed, he must now be taken to have confessed the cause of action, and waived all right of exception to that manner of proceeding. In cases of default, *nil dicit,* or confession, *relictâ verificatione,* the judgment, when for the plaintiff, is generally *quod recuperet,* and it may be either in-

terlocutory or final. (Steph. Plead. 108–10.) It is properly interlocutory in all cases of unliquidated damages, or when, as provided by the statutes, the suit is not founded upon any instrument in writing, and the demand is not ascertained by such instrument. (R. C. 1855, p. 1279, § 9.) The plaintiff was entitled under the statute (Laws of 1863–4, p. 24) to a trial of the cause, or to an interlocutory judgment and an inquiry of damages at that term. The only object of the inquiry was to ascertain the amount for which final judgment was to be rendered, and if both parties were ready to proceed at once to an assessment of the damages, the defendant confessing the cause of action, it would evidently be a mere question of form, in the entry of the judgment, whether it were interlocutory or final. It may be considered as both interlocutory and final, the two forms being merged in one. If writ of inquiry had been ordered for another day, any judgment rendered before that day would necessarily have been interlocutory only. Whatever irregularity there may have been in the proceedings, we think it may be considered as having been waived by the action of the defendant himself, and it is not apparent to us that any injustice has been done to him by the judgment which was rendered.

Judgment affirmed. The other judges concur.