THE UNION TRUST COMPANY OF NEW YORK, Respondent, *v.* WILLIAM H. OLMSTED, Impleaded, etc., Appellant.

In an action to foreclose a mortgage, where part of the lands covered by it are in another State, the court has power to decree a sale of the whole, and may require the mortgagor to execute a conveyance to the purchaser.

Where a provision for a conveyance is omitted from the judgment, the court has power after a sale to amend the judgment by inserting therein such a provision.

(Submitted June 1, 1886; decided June 15, 1886.)

THIS was an action to foreclose a mortgage executed by defendant, The Buffalo, Rochester and Pittsburgh Railroad Company, upon its road, a part of which is in the State of Pennsylvania. Judgment of foreclosure and sale in the ordinary form was rendered, and the mortgaged property was sold under it. In connection with motion to confirm report of sale, motion was made to amend the judgment by inserting therein a provision requiring the mortgagor to execute to the purchaser a deed of the mortgaged property. This motion to amend was denied at Special Term, but its order was reversed on appeal and motion granted by the General Term.

The following is the *mem.* of opinion:

" The plaintiffs sought by foreclosure and sale to enforce a mortgage executed by the defendant corporation. The Supreme Court had jurisdiction over the cause of action and the parties, and its decree is valid although part of the premises covered by it are in another State. Its writ may not be operative there, nor its judgment capable of execution as against that portion of the property, and for that reason the court might have required the mortgagor to execute a conveyance to the purchaser in order that the whole security offered by the mortgage should so far as possible be made effective.

(*Muller* v. *Dows*, 94 U. S. 444, 450.)   This was not done, but the power of the court was not exhausted, and what it might have ordered in the first instance, it could still require by amendment.   The order appealed from goes no further than to carry out the intention of the parties to the mortgage, as ascertained by the decree — it relates to a matter within the jurisdiction of the court, and its exercise is not the subject of review.

" The appeal should, therefore, be dismissed."

*McNaughton & Olmsted* for appellant.

*Miller, Peckham & Dixon* for respondents.

DANFORTH, J., reads *mem.* for dismissal of appeal.
All concur.
Appeal dismissed.