We think the judgment should, therefore, be reversed and a new trial granted.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.

---

IDA S. HARRISON, Respondent, *v.* UNION TRUST COMPANY of New York, Impleaded, etc., Appellant.

In an action brought by holders of bonds of a railroad corporation secured by mortgage on its property against the trustee designated in said mortgage and others, the complaint alleged, among other things, foreclosures of the mortgage, sales of the property and acceptance by the trustee of the purchasers' checks for the purchase price, which were not paid and which it failed to collect. Also the bringing of a former suit by the bond-

holders to cancel the sales, for a re-sale under the foreclosure judgments, and for an accounting, etc. The trustee was made a party to that action. No relief was asked specially against it, and it did not appear. The relief asked was granted in that action, and a sale was made under the judgment. Thereafter, without notice to the trustee, the judgment was amended by adding a direction requiring it to convey. Notice of the amendment was subsequently given to the trustee, but it took no action. In this action the relief asked was the removal of the trustee because of alleged misconduct in accepting the checks and refusing to make the required conveyance, and for an accounting and the execution of a conveyance by the trustee to the purchaser on the foreclosure sale. There was no averment that the trustee ever had possession of any of the railroad property, or had any title thereto, or that it ever received any of its securities, or had any funds to which the bondholders are entitled. On demurrer to the complaint, *held*, that as the bondholders had in the former action elected to disaffirm the sales by the trustee, this ended its liability upon the uncollected checks, and there was no cause of action for an accounting; also that the action could not be sustained to compel a conveyance, as that relief had been awarded by the former judgment, as amended, but that the refusal of the trustee to comply with that judgment made out a *prima facie* case for the removal; that the amendment was not violative of the provision of the Code of Civil Procedure (§ 1207) declaring that "where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint," as the demand for a foreclosure and sale carried with it a demand for all those details essential to make the sale effectual; that while the order granting the amendment might be voidable, it was not void, and disobedience thereto could not be justified; that although this relief, the removal of the trustee, might have been granted on a motion, yet, as the statute permits an action to be brought for that purpose (1 R. S. 730, § 70), the plaintiff had the choice of remedies.

Said provision of the Code is simply a rule of procedure intended for the protection of defendants, and is not a limitation upon the jurisdiction of the courts.

Reported below, 80 Hun, 463.


(Argued December 10, 1894; decided January 15, 1895.)


Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 29, 1894, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order of the Special Term overruling a demurrer to the complaint.

The nature of the action is set forth in the opinion.*

*Wheeler H. Peckham* for appellant. The complaint contains no cause of action for the execution of a deed. (Code Civ. Pro. § 1207; *Simonson* v. *Blake,* 20 How. Pr. 484; *People* v. *Liscomb,* 60 N. Y. 559; *Bigelow* v. *Forrest,* 9 Wall. 339; *Monday* v. *Vail,* 34 N. J. Law, 418; *Reynolds* v. *Stockton,* 43 N. J. Eq. 211; *Jones* v. *Davenport,* 45 id. 81; *Consolidated Elec. Co.* v. *Atlantic T. Co.,* 50 id. 97.) The judgment to convey is also void because made at a term subsequent to that at which the judgment was entered and on a motion without notice. (*Bronson* v. *Schulten,* 104 U. S. 410.) Defendant has violated no trust. (2 Jones on Mort. § 1773.) Plaintiff's counsel says that the title to the land is still in the trust company, and that it must convey or the purchaser will have a defective title. This is erroneous. (1 Jones on Mort. § 812; 2 id. § 1775.) Plaintiff's counsel says that all mortgages, this one included, grant the whole title to the property. The contrary is familiar law. Mortgages constitute but a lien on the property. (*Kortright* v. *Cady,* 21 N. Y. 366; 1 Jones on Mort. §§ 12–15, 44, 45.)

*Edward Winslow Paige* for respondent. The complaint states a good cause of action for the removal of the defendant as trustee. (1 R. S. 730, § 70; *People* v. *Norton,* 9 N. Y. 176; Perry on Trusts, § 275; *F. L. & T. Co.* v. *McHenry,* 9 Abb. [N. C.] 235; *Mayor, etc.,* v. *Atty.-Genl.,* 7 Bro. P. C. 235; *Muller* v. *Dows,* 94 U. S. 444; *McElrath* v. *P. & S. R. R. Co.,* 55 Penn. St. 189; *U. T. Co.* v. *Olmstead,* 102 N. Y. 729.)

FINCH, J. This action appears to be supplemental to that of *Stevens, etc.,* v. *The Central Nat. Bank of Boston et al.,* the judgment in which we have recently affirmed. (144 N. Y. 50.) The complaint before us recites the long history of the Lebanon Springs railroad, which is so fully stated in the case

---

* The facts set forth in the complaint herein are numerous, and are, so far as material, as stated by Judge FINCH at the outset of his opinion, fully stated in the prior case referred to by him, *i. e., Stevens* v. *Central Nat. Bank* (*ante,* p. 50); it is, therefore, deemed advisable not to repeat them, but simply to refer to that case.—[REP.

referred to as to render a formal repetition needless. We may go at once to the merits of the succeeding controversy, adding only such facts as have been hitherto unconsidered.

The demurrer interposed questions the sufficiency of the complaint, asserting that it states no cause of action, and from the decision below overruling that demurrer this appeal has been taken.

The complaint asks for three forms of relief, which are, the removal of the trustee, an accounting, and the execution of a conveyance to the purchaser on the last foreclosure. There is no case made for an accounting. The complaint does not allege that the Trust Company was ever in possession of the railroad or any part of it, or that it received any of its earnings or income, or that it ought to have done so and is chargeable therefor, or that it ever had a title, legal or equitable, to the road, or has any funds to which the bondholders are entitled. The facts detailed show that the Trust Company has always stood in the attitude merely of the mortgage trustee, foreclosing and selling when its trust duty required, never buying at any such sale, or taking possession under it, or operating or managing the railroad. The only money it is charged with receiving is the check of Duncan on the first New York sale and that of Park on the first Vermont sale, both of which checks it failed to collect and thereby became responsible for the purchase price of one hundred and twenty-five thousand dollars. But the bondholders who might have required a distribution among themselves of that sum, which would have been an affirmance of the sale, have chosen, as they had a right to do, to disaffirm the sale and require a re-sale of the property. That has occurred, and the bondholders in a new corporate capacity have become the purchasers. The result ends all liability of the Trust Company upon the uncollected checks, and no other money to which the plaintiffs are entitled is alleged to have come to the hands of such company, and no facts are pleaded which admit of any such inference. There is no cause of action for an accounting.

SICKLES—VOL. XCIX.        42

Nor can the action be sustained as one to compel a convey-ance merely. The plaintiffs have already recovered one judg-ment which explicitly awards that relief, and a court does not sit to repeat over again the identical decree which it has already rendered and which simply needs to be enforced. A foreclosure under the Lebanon Springs mortgage and under the Harlem Extension mortgage has ended in a sale. The intermediate Sackett suit and the new mortgages by purchasers have been sponged out, or the possible rights they created have been concentrated in Foster, who has conveyed to the final purchaser. The foreclosure action which worked this result was one in which the bondholders were plaintiffs. The Trust Company was joined as a party defendant. No relief was asked specially against it, and so it made no defense and interposed no answer. There was no apparent reason why it should. But thereafter, without notice to the Trust Company, the fore-closure judgment was amended by adding a direction which required that company to convey. After it was made, notice of the amendment was given to the Trust Company which did not move to strike it out or annul it, but chose to take no action. The complaint in this suit stands upon the validity of that amendment. It does not admit its invalidity and seek to cure the defect by a new action demanding a relief which had been ineffectually awarded. No such ground is taken. On the contrary, the plaintiff assumes the validity of the amendment and assails the Trust Company for disobedience of the com-mand to convey. So that if there was nothing else about the case, we should hold that a new decree, merely repeating an existing judgment, was superfluous and not a right which the plaintiff can lawfully claim.

But there is something else about the case. The plaintiff seeks the removal of the trustee upon the ground of its alleged misconduct both in accepting the unpaid checks and in refus-ing to make the required conveyance. As the plaintiff now relies upon that misconduct in accepting the checks to save the road to its bondholders instead of losing it for the one hundred and twenty-five thousand dollars previously bid, the

complaint must stand upon the disobedience alleged in the refusal of the Trust Company to convey. That refusal makes out a *prima facie* case for the removal of the trustee if the amendment of the judgment is not absolutely void, for the court has undoubtedly the power by way of enforcing its previous decree to remove the trustee who will not convey and appoint one who will. The answer made by the Trust Company is that the amendment is void and a nullity and that contention becomes the pivotal point of the controversy. The learned counsel for the defendant insists that since the Trust Company made default and did not answer, no relief could be given beyond that asked in the complaint and refers us to the provision of the Code, (§ 1207), which enacts that " where there is no answer the judgment shall not be more favorable to the plaintiff than that demanded in the complaint." I think the amendment cannot be said to violate that provision. The plaintiffs became entitled to a judgment of foreclosure and sale. They obtain that relief and that only. The incidents follow the principal and the demand for the foreclosure and sale carries with it a demand for all those details essential to make it effectual. If the judgment had omitted a direction that the referee convey an amendment curing the defect would not have been more favorable to the plaintiff than his general demand for a foreclosure and sale. And it should be added that the provision of the Code is simply a rule of procedure, intended for the protection of defendants not answering, and not a limitation upon the jurisdiction of the court. The case is not one in which the court had no authority at all to order a conveyance, but one where, having that jurisdiction, it was required not to exercise it in a particular state of the litigation. The order was probably voidable, and no notice of the application for it having been given to the Trust Company such defendant might have moved to vacate and annul it. But it was not void, and disobedience to it cannot now be justified on that ground.

It is suggested that an action solely for the removal of the trustee was needless because the relief could have been given

on a mere motion, and that we ought not to encourage a formidable action with its heavy expenses and prospective counsel fees where a simple motion, speedy and inexpensive, would have served.    There is force in the suggestion.    But the statute permits the removal of a trustee either by bill or petition, (2 R. S. [6th ed.] p. 1111, § 83), and the plaintiff here had her choice.    We should hesitate to criticize motives not necessary to be disclosed to us, and can see that the choice of method was dictated by a belief that an accounting could be added to the relief, which might have been true, if sufficient facts to justify it had been pleaded.

It is further said that the alleged disobedience is immaterial because the Trust Company had no title to convey.    Under the law of this state that appears to be true.    The defendant corporation was never anything but mortgagee, and as such had a mere lien, and took no title to the land.    In all the confused complications which have been recited to us I can see no place or way in which any title to the railroad, legal or equitable, passed into the defendant corporation, except one.    It is said on the argument, though not alleged in the complaint, that under the law of Vermont the mortgagee holds the legal title to the land subject only to be defeated by payment; that the sale of the Vermont section of the Lebanon Springs road having been set aside the legal title remains in the Trust Company; that while the last foreclosure and sale in this state will not pass title in Vermont, a party to the action holding such title may be required to convey it.    We have asserted the right to make such an order as against a mortgagor, (*Union Trust Co.* v. *Olmsted*, 102 N. Y. 729), and I can see no reason why we may not exercise the same authority as against a mortgagee.    But all this is matter of defense as to which a decision should be reserved.    It is enough to sustain the complaint against the demurrer that an order to convey, valid until reversed or vacated, has been made by a competent court which the defendant has refused to obey.    It may have adequate reasons for the refusal.    Possibly it may ask as a defense that the amendment be vacated and set aside, or

assert that the demand of a conveyance was too broad and
unlimited because, under a strict foreclosure in Vermont, title
to the Bennington and Rutland railroad passed to it in trust
for other parties and by a paramount right, or that no deed
was tendered it for execution so that it could see what was
required, or that no grantee of such deed was named, or that
compensation for services rendered should be first made, or
that there is a defect of parties who should be brought in, or
assert any other reasons for its refusal. But all such are
matters of defense about which we express no opinion. What
we decide is, and all that we decide is, that a good cause of
action for the removal of the trustee is pleaded in the
complaint.

It follows that the judgment should be affirmed, with costs,
but with leave to the defendant upon payment of costs of the
demurrer to answer within twenty days after service of notice
of the entry of judgment upon this affirmance.

All concur, except PECKHAM, J., not voting, and HAIGHT, J.,
not sitting.

Judgment accordingly.