HARRIET R. MEAD, Respondent, *v.* WASHINGTON BROCKNER, Appellant, and JANE O. E. BROCKNER and Others, Respondents.

*Jurisdiction of the Supreme Court of New York, to direct the sale of mortgaged premises in another State and a conveyance thereof by the mortgagor.*

The Supreme Court of the State of New York has jurisdiction of an action to foreclose a mortgage upon a parcel of land located partly in the State of New York and partly in the State of Connecticut, and may, when the mortgagors are residents of the State of New York and have been personally served with process therein, provide in the decree that the referee shall sell all the mortgaged land, and that the mortgagors shall convey the Connecticut land to the purchaser.

APPEAL by the defendant, Washington Brockner, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 30th day of August, 1902, upon the decision of the court, rendered after a trial at the Westchester Special Term, as directs a sale of that portion of the mortgaged premises situated in the State of Connecticut, and directs a conveyance thereof to the purchaser by the mortgagors.

*Allan C. Rowe* [*E. H. P. Squire* with him on the brief], for the appellant.

*Frank L. Young,* for the plaintiff, respondent.

*Arthur M. Johnson,* guardian *ad litem,* for the respondents Harriet Isabel Brockner and Ambrose E. Brockner.

HIRSCHBERG, J.:

This action is brought in the usual form for the foreclosure and sale of certain real property located on the boundary line between this State and the State of Connecticut and mortgaged by three of the defendants jointly to the plaintiff. All the parties are residents of this State, and the defendants have been duly personally served with process. The decree provides that the referee shall sell all the mortgaged property, and that the defendant mortgagors shall convey the Connecticut property to the purchaser.

That it is within the jurisdiction of both Federal and State courts to make such a decree in the case of the foreclosure and sale of mortgaged property belonging to railroad and other corporations doing business in several States where it is essential that the property should be owned and operated as an entirety, has been often determined. (*McElrath* v. *Pittsburg & Steubenville R. R. Co.*, 55 Penn. St. 189; *Randolph* v. *Wilmington & Reading R. R. Co.*, 11 Phila. 502; *Mead* v. *N. Y., H. & N. R. R. Co.*, 45 Conn. 199; *Brown* v. *Chesapeake & O. Canal Co.*, 73 Md. 567; *Wilmer* v. *Atlanta & Richmond Air Line R. Co.*, 2 Woods C. C. 447; *Blackburn* v. *Selma, M. & M. R. R. Co.*, 2 Flipp. 525; *Muller* v. *Dows*, 94 U. S. 444; *Farmers' Loan & Trust Co.* v. *Chicago & A. R. Co.*, 27 Fed. Rep. 148; *Central Trust Co.* v. *Wabash, St. L. & P. R. Co.*, 29 id. 620; *Boston Safe Deposit & Trust Co.* v. *Bankers' & Merchants' Tel. Co.*, 36 id. 288; *Georgia Southern R. Co.* v. *Trust Co.*, 94 Ga. 306; *Union Trust Co. of New York* v. *Olmsted*, 102 N. Y. 729; *Harrison* v. *U. T. Co.*, 144 id. 326, 332.) The principle upon which the jurisdiction is exercised is that while a court of equity has no power to transfer the title to the alien land by a judgment *in rem*, it can compel a conveyance by a decree *in personam* against a party who holds the title and over whom it has acquired jurisdiction. The reason for its exercise is found in the necessity and convenience of disposing of property by a single sale where it cannot be advantageously sold in fragments, and is quite as applicable, in kind, if not in degree, to the case of a house and lot or of a farm situated in two adjoining States, as to the case of a railroad. In the leading case of *Muller* v. *Dows* (*supra*), referring to the objection that part of the property was beyond the territorial jurisdiction of the court, Mr. Justice STRONG said (p. 449): "Without reference to the English Chancery decisions, *where this objection to the decree would be quite untenable*, we think the power of courts of chancery in this country is sufficient to authorize such a decree as was here made. It is here undoubtedly a recognized doctrine that a court of equity, sitting in a State and having jurisdiction of the person, may decree a conveyance by him of land in another State, and may enforce the decree by process against the defendant. True, it cannot send its process into that other State, nor can it deliver posses-

sion of land in another jurisdiction, but *it can command and enforce a transfer of the title.*"

*Union Trust Co. of New York* v. *Olmsted (supra)* was an action to foreclose a mortgage on a railroad, a part of which was in the State of Pennsylvania. The judgment of foreclosure and sale was in the ordinary form and the mortgaged property was sold under it, but in connection with the motion to confirm the sale motion was made to amend the judgment by inserting a provision requiring the mortgagor to execute a deed to the purchaser. This motion was denied at the Special Term, but the General Term reversed the order and granted the motion. (*Union Trust Co. of New York* v. *Rochester & Pittsburg R. R. Co.,* 40 Hun, 633.) An appeal to the Court of Appeals was dismissed, that court saying (102 N. Y. 729): "The Supreme Court had jurisdiction over the cause of action and the parties, and its decree is valid although part of the premises covered by it are in another State. Its writ may not be operative there, nor its judgment capable of execution as against that portion of the property, and for that reason the court might have required the mortgagor to execute a conveyance to the purchaser in order that the whole security offered by the mortgage should so far as possible be made effective. (*Muller* v. *Dows,* 94 U. S. 444, 450.) This was not done, but the power of the court was not exhausted. and what it might have ordered in the first instance it could still require by amendment." (See, also, *Harrison* v. *U. T. Co.,* 144 N. Y. 326, 332.)

*Chase* v. *Knickerbocker Phosphate Co.* (32 App. Div. 400) was an action to redeem from a forfeiture under a lease of lands in another State, and this court held that such an action was cognizable here. Mr. Justice CULLEN said (p. 403): "It is settled law that a court of equity will make a decree against parties of whose persons it has obtained jurisdiction, not the indirect, but the direct result of which is to transfer the title to land beyond the jurisdiction of the court, provided the parties comply with the decree of the court. This rule is applicable in one class of cases but not in other classes. The class in which the rule obtains is defined by Chief Justice MARSHALL in *Massie* v. *Watts* (6 Cranch, 148), where he says: ' Upon the authority of these cases, and of others which are to be found in the books, as well as upon general principles, this court is

of opinion that, in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree,' though a court will not entertain jurisdiction where a naked question of title is involved, or a mere trespass or nuisance on extraterritorial real property is sought to be restrained. (*Northern Indiana R. R. Co.* v. *Michigan Central R. R. Co.*, 15 How. [U. S.] 233.) Numerous cases are to be found where the courts of this State have decreed the specific performance of contracts for the sale of real estate without the State, or trusts connected with such real estate. (*Ward* v. *Arredondo*, Hopk. 213 ; *Sutphen* v. *Fowler*, 9 Paige, 280 ; *Newton* v. *Bronson*, 13 N. Y. 587 ; *Gardner* v. *Ogden*, 22 id. 327.) So, also, our courts have compelled judgment debtors to turn over lands in another State for the benefit of their creditors. (*Mitchell* v. *Bunch*, 2 Paige, 606 ; *Bailey* v. *Ryder*, 10 N. Y. 363.) A bill to *redeem a mortgage of lands* in one country may be brought in any court of equity in another country where the proper parties are resident. (Story Eq. Juris. § 1293.) This action is substantially to redeem from a forfeiture in a lease. We cannot see that any valid distinction can be drawn between the case of a mortgage and that of a lease."

The jurisdiction invoked in this case was always exercised in cases of mortgage foreclosure in England. In *Toller* v. *Carteret* (2 Vern. 494) a bill was filed in the Court of Chancery in England requiring the defendant to redeem a mortgage executed by him covering the Isle of Sarke, or be foreclosed. The defendant pleaded to the jurisdiction of the court that the island was part of the Duchy of Normandy and under the jurisdiction of the courts of Guernsey. The lord keeper overruled the plea, one ground assigned for the ruling being "that the Court of Chancery had also a jurisdiction, the defendant being served with the process here, *et æquitas agit in personam.*" (See, also, *Arglasse* v. *Muschamp*, 1 Vern. 75.)

The doctrine underlying the judgment appealed from herein is applied, says Story (Eq. Juris. § 1293), "to cases of mortgages of lands in foreign countries. And a bill to foreclose or redeem such a mortgage may be brought in any Court of Equity in any other country where the proper parties are resident. It was aptly said by

Lord KENYON, when Master of the Rolls, in a case then before him : ' It was not much litigated that the Courts of Equity here have an equal right to interfere with regard to judgments and mortgages upon the lands in a foreign country as upon lands here. Bills are often filed upon mortgages in the West Indies. The only distinction is that this court cannot act upon the land directly, but acts upon the conscience of the person here.' And after citing some cases to this effect, he added : ' These cases clearly show that with regard to any contract made in equity between persons in this country respecting lands in a foreign country, particularly in the British dominions, this court will hold the same jurisdiction as if they were situate in England.' "

In *House* v. *Lockwood* (40 Hun, 532) it was held by the General Term in the first department that an action of strict foreclosure of a mortgage could be maintained in this State where the lands mortgaged were situated in the State of Illinois. The case of *Farmers' L. & T. Co.* v. *Bankers', etc., Tel. Co.* (44 Hun, 400) was a case of foreclosure by advertisement, the statute in relation to which remedy (Code Civ. Proc. § 2387 *et seq.*) relates solely to mortgages of property situated within the State, and the decision turned upon the peculiar language of the mortgage. But as to foreclosure by action, section 982 of the Code of Civil Procedure assumes that such an action may be maintained, notwithstanding the property covered by the mortgage is in another State.

The case at bar appears to be a proper one for the exercise of the power of the court to compel the defendants to assure to the plaintiff the full security which they have pledged to him. This can only be done by directing a conveyance, inasmuch as the decree of sale is of necessity inoperative upon the real property beyond this State. No constitutional right is infringed. The judgment, so far as appealed from, operates upon the parties only and is essential to the granting of the full relief to which the plaintiff is equitably entitled.

The judgment, in so far as appealed from, should be affirmed.

GOODRICH, P. J., WOODWARD and HOOKER, JJ., concurred.

Judgment, in so far as appealed from, affirmed, with costs.