[No. 2497]

# J. D. MARINER, RESPONDENT, *v.* STEVE MILISICH, APPELLANT.

[200 Pac. 478]

1. JUDGMENT—DEMURRER NOT "ANSWER" NECESSARY FOR RELIEF NOT DEMANDED IN COMPLAINT.

    Demurrer to the complaint is not an "answer," in the absence of which Civil Practice Act, sec. 299, provides that the relief granted to plaintiff shall not exceed that which he shall have demanded in his complaint.

2. JUDGMENT — "DEMAND FOR RELIEF" BY WHICH RELIEF IS LIMITED IN ABSENCE OF ANSWER REFERS TO PRAYER OF COMPLAINT.

    "Demand for relief" in complaint, by which relief granted to plaintiff in absence of answer is limited by Civil Practice Act. sec. 299, and which section 96, subd. 3, provides that the complaint shall contain, refers to the prayer of the complaint, as distinguished from the statement of facts, and other parts thereof; so that the mere inclusion in the complaint of the agreement providing for retention by plaintiff of title to the piano sold as security for judgment for the price, and the allowance of an attorney's fee in case of action, does not authorize such relief.

3. JUDGMENT—PRAYER FOR COSTS DOES NOT INCLUDE ATTORNEY'S FEE RELATIVE TO RELIEF IN ABSENCE OF ANSWER.

    Attorney's fees provided for by an agreement in case of action thereon for its breach are special damages, and not costs, where not made so by statute; so prayer of complaint for costs will not, under Civil Practice Act, sec. 299, allow granting of attorney's fees where there is no answer.

4. APPEAL AND ERROR—FAILURE TO OBJECT NOT A CONSENT TO RELIEF NOT PRAYED FOR.

    Though defendant's counsel was present at the trial without an answer being filed after demurrer to the complaint was overruled, his failure to except to the allowance of an attorney's fee was not a consent thereto, so as to estop defendant to object to such allowance, because there was no prayer therefor, as required by Civil Practice Act, sec. 299.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by J. D. Mariner against Steve Milisich. Judgment for plaintiff, and defendant appeals. **Modified and affirmed. Petition for rehearing denied.** (SANDERS, C. J., dissenting in part.)

*Mack & Green,* for Appellant:

The judgment should be modified so as to make it conform to the prayer of the complaint. There was no demand for an attorney's fee, nor for a decree that title should vest in plaintiff until all balances due on the piano should be paid. Rev. Laws, 5038, 5236, 5241. The demand for relief, which is the prayer of the complaint, must be measured and determined by the defendant as the amount or thing prayed for, otherwise the complaint to which no answer is filed is a snare and seductive delusion of the defendant. Burling v. Goodman, 1 Nev. 316; Peran v. Monroe, 1 Nev. 487; Hastings v. Burning M. Co., 2 Nev. 95; Mitchell v. Mitchell, 28 Nev. 111. "In Mitchell v. Mitchell, 28 Nev. 123, we have already had occasion to construe the fore part of section 150, and to hold that upon default the court had no power to enter judgment for more than the relief demanded in the complaint." Gulling v. Washoe County Bank, 29 Nev. 228; Brooks v. Forington, 117 Cal. 219; Brown v. Caldwell, 13 Cal. App. 29; Stackee v. Bell, 125 Cal. 309; Ellis v. Rademacher, 125 Cal. 456; 23 Cyc. 795; 14 Stand. Proc. 904; 6 Ency. Pl. & Pr. 110.

*O. H. Mack,* for Respondent:

An issue arises upon a demurrer to the complaint, or an answer as to some part thereof. A demurrer is an answer within the meaning of the statute. Rev. Laws, 5196; Oliphant v. Whitney, 34 Cal. 25.

Where there is an answer, the right to recover depends not upon the prayer, but upon the scope of the pleading and the issues made, or which might have been made under it. Johnson v. Polhemus, 33 Pac. 908; Rankin v. Newman, 40 Pac. 1024. This is so, notwithstanding code provisions making the prayer a part of the complaint. Donavan v. McDevitt, 92 Pac. 49.

By failure to file an answer after the overruling of his demurrer, defendant consented to the allowance of

an attorney's fee. The facts of the complaint, and not the prayer, settle the relief to be granted. Rollins v. Forbes, 10 Cal. 299; People v. Morrill, 26 Cal. 336; Althof v. Conheim, 38 Cal. 234; Stewart v. Hutchison, 29 How. Pr. 181. The entire omission of any prayer would not subject the complaint or petition to demurrer. Fox v. Graves, 46 Neb. 812.

By the Court, DUCKER, J.:

In this action appellant gave a note in payment for a piano, and the note forms part of an instrument in writing wherein it was agreed, among other things, that respondent should hold title to the piano until all sums agreed to be paid and any judgment therefor were paid. It was also agreed, in case action was brought on the agreement, or for the recovery of the piano, that appellant pay a reasonable attorney fee.

A copy of the note and the agreements is attached to the complaint and made a part thereof. The prayer of the complaint is as follows:

"Wherefore plaintiff prays judgment against said defendant in the sum of $750, together with all accrued interest thereon from date thereof said note until paid, and for costs and disbursements of this action."

Appellant interposed a demurrer to the complaint, which was overruled, and, on default of an answer, judgment was rendered against appellant for the balance due on the promissory note, to wit, $750, with interest, and the further sum of $100 as an attorney fee, and cost and disbursement of the action. It was also adjudged that respondent hold title to the piano until all sums of money mentioned in the judgment were paid. The appeal is from the judgment.

Appellant contends that, inasmuch as respondent demanded a money judgment only, the court had no authority to incorporate in its judgment a provision that he hold title to the piano as security for the judgment. He also contends that, as an attorney fee was not included in the prayer of the complaint, the judgment, in so far as it awards an attorney fee, is invalid.

Appellant asks for a modification of the judgment in these respects.

1.   The points are well taken.   The judgment, on the facts of this case, is controlled by the rule prescribed by section 299 of the Civil Practice Act (Rev. Laws, 5241). In this respect it reads:

"The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

There was no answer in this case, and default was taken and judgment rendered by reason thereof.   True, a demurrer was interposed, but the word "answer" as used in the section is not employed in a sense that can be held to include within its meaning a demurrer.   This is apparent from the wording of the statute.   Again, the statute is taken from the California code, and this construction has been placed upon the word "answer" by the supreme court of that state.

In the case of Buena Vista F. & V. Co. v. Tuohy, 107 Cal. 243, 40 Pac. 386, the demurrers filed by the defendants were sustained, and plaintiff declined to amend. Final judgment was entered in favor of defendants. Discussing the case with reference to section 580 of the Code of Civil Procedure, which is identical in language with that part of section 299 quoted, the California court said:

"In cases where an answer is filed the court may, under section 580 of the Code of Civil Procedure, grant 'any relief consistent with the case made by the complaint and embraced within the issue.'   But, we are not now dealing with such a case.   Non constat, that any answer will ever be interposed here, and the question arises as to the sufficiency of the complaint standing alone and confronted by a demurrer—a case in which the demand of the complaint limits the relief.   *   *   *   *"

2.   A demand for relief, as employed in the practice act, refers to the prayer of the complaint, as distin-

guished from the statement of facts and other parts thereof.

Section 96 of the Civil Practice Act, prescribing what the complaint shall contain, after enumerating the other parts, including a statement of the facts constituting the cause of action, concludes, by subdivision 3, as follows:

"A demand for the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof shall be stated."

The policy of this section is that the party instituting an action shall not only allege the specific facts constituting his cause of action, but shall state the specific relief to which he considers himself entitled. The purpose of subdivision 3 is to inform the defendant of the precise nature of the demand in order that he may be prepared to meet it. And the purpose of the first clause of said section 299, in cases where there is no answer, is to limit the relief granted to what the defendant is led to anticipate from the demand made in the complaint. The rule announced by this section is beyond doubt a fair and reasonable one.

As said by the court in Burling v. Goodman, 1 Nev. 316, in reference to a judgment taken by default:

"The defendant by his default admits the justice of the claim, and thus consents that judgment be taken against him for what is prayed for in the first instance. Whereas, if a greater sum or a different relief were demanded, he may appear and contest the claim as unjust and unreasonable."

Counsel for respondent cites Marshall v. Golden Fleece M. Co., 16 Nev. 156, and quotes from the syllabus as follows:

"In such case defendants cannot complain because the relief granted exceeded the demand in the petition, if that which was granted was consistent with the case made, and was embraced within the issue."

The case is not in point, for there was an answer to the complaint, and upon the trial it was treated as an

answer to the petition for intervention, and was so considered on appeal. If we correctly understand counsel's position, he contends that, because a copy of the agreements entered into, wherein provision is made for an attorney fee, and for the retention of the title to the piano by respondent until the purchase price and other sums agreed on were paid, was attached to and made a part of the complaint, and appellant having filed a demurrer and obtained time to answer, respondent was entitled to such relief as comes within the scope of the complaint. As previously stated, a demurrer is not an answer within the meaning of said section 299. If appellant had filed an answer, the contention of counsel for respondent would be correct; for then, under the second part of the section, respondent would have been entitled to any relief consistent with the case made by the complaint and embraced within the issue. But, as no answer was filed, he was limited by the mandatory terms of the first part of said section to the relief demanded in the prayer of the complaint. Buena Vista F. & V. Co. v. Tuohy, supra; Brooks v. Forington, 117 Cal. 219, 48 Pac. 1073.

As the retention of title to the piano by the respondent as security for the judgment, and the award of an attorney fee therein, constitute a part of the relief granted, and were not included in the prayer of the complaint, the judgment is so far invalid.

3. It was suggested on the oral argument that, as costs were demanded, the attorney fee was properly included in the judgment as costs. An attorney fee awarded in a civil action is not, in law, a part of the costs of the action, except where expressly made so by statute, which is not the case here. The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. Rev. Laws, 5376; Dixon v. Second Judicial District Court of Nevada, in and for Washoe County, 190 Pac. 352. When provided for by the terms

of the contract, and recoverable on its breach, an attorney fee is in the nature of special damages, and must be expressly alleged.

"Being matter of purely special or exceptional recovery," as said in Brooks v. Forington, supra, "and the defendant being entitled to look solely to the prayer in determining whether he will defend against the relief sought in the action, if such special relief is not therein specifically demanded, it is to be deemed waived."

4. Counsel for respondent asserts, in his brief, that appellant was represented at the trial; that the allowance of an attorney fee was consented to; that he took no exceptions to the allowance of $100 as an attorney fee; that he is therefore estopped from objecting to it. The record shows that counsel for appellant was present in court when the court heard the evidence and entered judgment in the sum of $750, with interest, and for the further sum of $100 as attorney's fees. It does not appear from the record that counsel for appellant consented to the allowance of an attorney fee in the judgment. His failure to take an exception cannot be considered as such consent, nor are we prepared to say that appellant would be estopped if he had consented.

Entertaining these views, we are of the opinion that the judgment of the lower court must be modified by striking out the provision for an attorney fee of $100, and the provision that the respondent shall hold the title to the piano described in said contract until all sums of money are paid, and any judgment therefor is paid in full.

It is so ordered, and the judgment as modified will stand.

SANDERS, C. J., dissenting:

In the view I take of this record, it is not apparent to me that any injustice has been done the appellant by the judgment against him for an attorney's fee of $100, deemed and found by the court to be a reasonable allowance pursuant to the terms of the contract sued on.

The defendant, upon the overruling of his demurrer to the complaint, failed to answer, and, upon application of plaintiff, his default was noted in the minutes of the court, but no judgment by default was entered. The court set the case for trial, the purpose of which setting was to judicially determine upon a trial the amount for which final judgment was to be rendered. On the day fixed for trial plaintiff and defendant appeared by their counsel and the action proceeded to judgment in the same manner as if an answer had been filed raising an issue for trial, or as upon an issue confessed. The court heard the evidence, made findings, and upon its findings of fact and conclusions of law rendered judgment for the amount of the principal sum demanded in the complaint, and in addition thereto an attorney's fee, as above stated.

If the defendant had not appeared at all, or had taken proper exceptions to the proceedings for the assessment of damages, he might now be heard to complain that the judgment rendered was for a sum greater than that demanded in the complaint; but having appeared and voluntarily proceeded with the trial of the only question to be judicially determined—the assessment of damages—without protest, objection, or taking any exceptions, he must now be held to have confessed the cause of action and plaintiff's right to an attorney's fee as incident thereto. This being the true situation, the appellant is in no position to urge upon this appeal for the first time that he was entrapped, ensnared, and deceived by the prayer of the complaint. Except for this contention the appeal is totally without merit. The only purpose of defendant's appearance was to see that the court did not do the very thing it did do. The defendant having had his day in court, if he was dissatisfied with the assessment he should have moved the court for its correction, and if he desired a review of his objections they should be brought here by a proper bill of exceptions. 13 Cyc. 229.

Counsel for defendant are evidently of the opinion

that, the defendant having failed to answer, the court was without jurisdiction to render a judgment for an amount in excess of that demanded in the complaint. In this they are mistaken. The rule of the statute that "the relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint" is simply a rule of procedure, intended for the protection of defendants who do not answer, and not a limitation upon the jurisdiction of the court. Harrison v. Union Trust Co., 144 N. Y. 326, 39 N. E. 353.

By asking that the judgment be modified, appellant necessarily assumes that the departure from the prayer of the complaint was merely an irregularity that did not go to the jurisdiction. Chase v. Christianson, 41 Cal. 253. I am of the opinion that whatever of irregularity there may have been in the proceedings to ascertain the amount of the judgment to be rendered was waived by the action of the defendant himself (McClurg v. Hurst, 37 Mo. 144), and that no injustice has been done him by the allowance of an attorney's fee. The judgment, therefore, in this respect should be affirmed.

I am, however, clearly of the opinion that the judgment, in so far as it directs that the title to the piano shall remain in the plaintiff until the judgment is paid, does not correctly pronounce the law of the case. The provision in the contract that title to the piano should remain in plaintiff until paid for was a condition solely for plaintiff's security, which he could waive if he chose. Yori v. Cohn, 26 Nev. 228, 65 Pac. 945, 67 Pac. 212. The plaintiff, by bringing his action for the balance due on the purchase price of the piano, voluntarily waived the condition. By such election he treated the transaction as an absolute sale, and immediately upon filing of the complaint title to the instrument vested in the defendant as completely as though the defendant had made full payment therefor. Waltz v. Silveria, 25 Cal. App. 720, 145 Pac. 169; George J. Birkel Co. v. Nast, 20 Cal. App. 651, 129 Pac. 945; Elsoma v. Moore, 11 Cal. App. 377, 105 Pac. 271. See Ann. Cas. 1917D, 464, note.

It is my opinion that the order should be to affirm the judgment as to an attorney's fee, and that it should be modified with respect to the direction therein that title to the piano remain in plaintiff until the judgment is paid.

### ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.