JULIA SELLAI, as Administratrix of the Estate of G. Sellai (also Known as John Sellai), Deceased, Appellant, v. ALFRED F. LEMMON, Doing Business Under the Firm Name and Style of "Lemmon and Travers," Respondent.

No. 3407

August 17, 1944.                    151 P. (2d) 95.

*W. M. Kearney,* of Reno, for Appellant.

*Thatcher & Woodburn,* of Reno, for Respondent.

## OPINION

By the Court, DUCKER, J.:

Action on a conditional sales contract. Judgment for plaintiff for the balance due thereon. Appeal therefrom and from the order denying the motion for a new trial. Reference to the parties will be continued as they were designated in the court below.

The amended complaint shows among the facts alleged, as follows: On the 24th day of July 1941 G. Sellai, also known as "John Sellai," died intestate and on the 11th day of August 1941 letters of administration were issued to the defendant by the second judicial district court, who duly qualified and entered upon her duties as such administratrix; that on January 30,.

1942, after leave of said court duly obtained, plaintiff filed a claim for payment of the contract hereinafter described, which was rejected by defendant and notice thereof given to plaintiff; that on or about the 22d day of May 1941 plaintiff and defendant's intestate made and entered into a written contract of conditional sale, copy of which was attached to and made a part of the amended complaint and marked Exhibit "A," by the terms of which plaintiff sold to defendant's intestate one 4DD Col-Temp Bottle File at the total price of $1,138.50 payable in monthly installments of $47.44 beginning on the 1st day of July 1941, and payable on the 1st day of each month thereafter until the whole of said sum should be paid; that in accordance with the terms thereof plaintiff delivered to defendant's intestate said 4DD Col-Temp Bottle File and the same was installed in the premises of defendant's intestate known as the "Reno Bar" in Reno; that defendant's intestate and defendant made the monthly payments provided for in said contract in installments of $47.44 on July 1, 1941, and on the first day of each month thereafter up to and including December 1, 1941, and informed plaintiff that no further payments would be made upon said contract, and since then none has been made; that title to said 4DD Col-Temp Bottle File was, under the terms of said contract, Exhibit "A" attached hereto, retained by the seller until all sums due under the contract were fully paid, and the seller was given the right under the contract, upon default in any payments on the part of the buyer, to declare the full amount due upon said contract immediately due and payable, and to repossess the said 4DD Col-Temp Bottle File and sell the same at public or private sale and apply the proceeds to the payment of the indebtedness; that in accordance therewith the plaintiff declared the whole of the balance of said contract price to be due and payable, and repossessed the said 4DD Col-Temp Bottle File, and sold the same at a private sale for $400, which sum

plaintiff credited upon the balance remaining unpaid upon said contract, to-wit, the sum of $853.88, leaving a balance due, owing and unpaid from defendant's intestate to plaintiff, in the sum of $453.88.

It shows that the contract provides that the purchaser agrees to pay seller a reasonable attorney's fee incurred by seller in the repossession of said property, and that it has been necessary for plaintiff to employ attorneys, and that the services of such are of the reasonable value of $250. It further shows that on May 22, 1941, said contract was assigned by plaintiff to First National Bank of Nevada, and prior to the institution of this action, was reassigned by said bank to plaintiff.

The amended complaint prayed for judgment against defendant in the sum of $453.88, attorney's fees in the sum of $250, for costs of suit, all to be payable out of said estate in the due course of administration. A demurrer to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action against defendant, was overruled.

Defendant's answer and amendment to her answer consists of admissions and denials. The execution of the conditional sales contract by defendant's intestate was denied, and it was denied that any installment payments were made by either.

As a separate defense defendant alleged that after Sellai's death she simply rented the bottle file, but had surrendered possession to the plaintiff under an agreement that no claim would be filed for the deficiency; that plaintiff entered into an agreement with defendant, whereby, in consideration of the surrender of all rights in and to and possession of said Col-Temp Bottle File to plaintiff, and a waiver of any claim of defendant for an equity therein and permission of defendant to allow said Col-Temp Bottle File to remain in the said saloon premises until the purchaser took possession, plaintiff would accept such surrender and possession

in satisfaction of any and all claims of plaintiff against said defendant as administratrix; and thereupon the possession of said Col-Temp Bottle File was surrendered to plaintiff. It was further alleged in separate defense that the said Col-Temp Bottle File when surrendered, could have been sold by defendant to the purchaser of the saloon business of the estate for the sum of $400, and that the defendant had an offer of $600 for the same from the purchaser, which plaintiff refused to accept, and that the reasonable market value of said Bottle File at the time of said surrender was greater than the balance due on said alleged contract of sale. These allegations of said separate defense were denied in the reply. The trial court found in conformity with the allegations of the amended complaint and against the separate defense.

■ The conditions of the contract whereby plaintiff, on default of defendant repossessed the subject thereof, sold it at private sale and brought suit for the deficiency, were terms which could be validly imposed in the contract. They are not inconsistent with the retention of title in the seller, nor restricted by law, nor are they contrary to public policy. Such terms have been recognized as valid in this and other jurisdictions. Studebaker Bros. Co. v. Witcher, 44 Nev. 442, 195 P. 334; 37 A. L. R. p. 94; 83 A. L. R. p. 963.

■■ But defendant contends that the cause of action for the balance claimed to be due on the contract, is different from the claim filed in the estate proceedings. A number of authorities are presented in the brief in support of this contention. We have examined them and have no quarrel with them. They simply do not fit the case at bar. They go to the well-established rule that a suit cannot be maintained upon a claim required to be filed in probate unless it has been so filed within the time prescribed by statute. But here there has been a claim duly filed and rejected, and on which the action is brought. The contention that there is a

material difference between the claim and the cause of action set out in the amended complaint, is due to a mistaken notion that the former must be detailed with the same particularity required in pleading a cause of action upon it. The law is based upon reason and it would be unreasonable to require a claimant to seek the services of an attorney in preparing a claim against an estate with the attendant inconvenience and expense, or take the risk of losing a just claim. A claim need not stand the test of a pleading. Kirman v. Powning, 25 Nev. 378, 60 P. 834, 837, 61 P. 1090. In the above case the court said: "* * * We are of the opinion that if it was the manifest intention of the legislature that formal and technical pleading should not be required in the presentation of claims; that the court should investigate these claims in a summary manner without pleadings that required the skill and learning of an attorney at law in their preparation; that by such procedure expense and delays to both claimants and the estate should be avoided. * * * We are of the opinion that a claim, or statement of a claim, properly verified, which shows the nature and character and amount of same, and the liability of the estate of the decedent, and, if there is future litigation as to the fact of presentment, it can be distinguished from all other similar claims, and is sufficient to bar another proceeding upon it, is a sufficient compliance with the terms of these sections of the statute when given the liberal construction of the statutory rule above quoted." ·

This decision was made under the probate act of 1897, but there is nothing in the probate act of 1941 to indicate that the legislature intended a more technical presentation of claims against the estate. The decision in Kirman v. Powning, supra, is in accord with the general view. See the long list of cases in 74 A. L. R. beginning on page 369, and the text in Bancroft Probate Practice, vol. 3, at pages 1538 and 1539.

■ Under the rule of the above authorities the claim

filed in this case is quite readily identified as the cause of action alleged in the amended complaint. It is the same claim merely particularized to meet the requirements of a pleading. The cause of action is for the balance due on the contract for the Col-Temp Bottle File after installments and the amount of $400 received from the sale credited, to-wit, $453. The claim filed and rejected shows that it was for balance due upon the sale of the Col-Temp Bottle File in the sum of $440, and was sworn to by plaintiff. A statement attached shows the credits allowed and the said balance due. The slight difference between the balance sued for and the balance of the claim is due to an error. The fact that the conditional sales agreement contained a stipulation for attorney fees, while the claim filed made no mention of this, is of no importance as denoting a substantial difference between the latter and the cause of action. The inclusion of this part of the agreement in the claim filed would have been useless. The court allowed no attorney fee, and the fact that one was agreed upon is immaterial.

■ Defendant's contention that the cause of action is a different claim is without merit. Nor is there any merit in the second point made by defendant, that in repossessing the bottle file and selling it, the plaintiff waived any claim for a deficiency under the contract. This point is based upon that part of the separate defense in which an agreement between plaintiff and defendant to that effect is alleged. As previously stated, the trial court found against the separate defense. Its findings as to the alleged agreement and waiver are as follows:

"That it is not true that there was any agreement between plaintiff and defendant for the release of defendant for liability for the purchase price of said Col-Temp Bottle File and the payment of daily rental therefor.

"That it is not true that plaintiff entered into an

agreement with defendant whereby defendant agreed to waive on behalf of the estate any equity in said bottle file, and whereby plaintiff would accept surrender and possession of said Col-Temp Bottle File in satisfaction of any or all claims of plaintiff against the estate of G. Sellai and defendant as Administratrix of said estate."

The evidence supports these findings. Plaintiff's testimony, which was accepted by the trial court, was sufficient as to this.

It is the claim of the defendant that the mere repossession and sale of the bottle file by plaintiff operated as a waiver of his rights under the contract. As previously stated, those were terms that could be validly imposed in a conditional sales contract, including the right to sue for the balance due. Authorities cited, supra. See also Lindley & Co. v. Piggly Wiggly, 55 Nev. 458, 39 P. 2d 903. It is therefore not apparent how, by pursuing the procedure of repossession and sale stipulated in the contract, plaintiff could have waived any of his rights under it.

The dissenting opinion in Mariner v. Milisich, 45 Nev. 193, 200 P. 478, relied on by defendant as authority for her position, is of no force. The views expressed therein were dicta and contrary to the law of this case.

This disposes of the points made and discussed by defendant in the opening brief.

Judgment and order denying a new trial should be affirmed.

It is so ordered.