**WOMEN'S FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, Plaintiff,**

v.

**NEVADA NATIONAL BANK, Defendant.**

**No. CV–R–82–360–ECR.**

United States District Court, D. Nevada.

Dec. 6, 1985.

As Amended Dec. 11, 1985.

See also, 607 F.Supp. 1129 and — F.R.D. —.

Sala, McAuliffe, White & Long by Jack I. McAuliffe, Reno, Nev., for plaintiff.

Gary M. Nelson, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiff has moved pursuant to NRS 18.010 for an award of attorney fees. It asks for $49,228.50, representing fees billed by its counsel and actually paid by the plaintiff. It also asks for $3,137.16 for expenses that cannot be allowed as taxable costs, apparently on the ground that the defendant's denial that it had breached the Loan Participation Agreement between the parties must have been made in bad faith, because the Court, after trial, found that the defendant did violate that Agreement. Allegedly, the defendant's refusal to admit its violations required substantial additional effort on the part of the plaintiff's attorney, both during discovery and in trial.

In opposition to the motion, the defendant points out that the plaintiff obtained a judgment for only $3,918.63 in damages. This was in light of claims for relief seeking recission of the Loan Participation Agreement, return of the money the plaintiff had loaned (over two million dollars) in connection with that Agreement, and damages including almost a million dollars in interest payments received by the defendant from secondary financing of the plaintiff's borrower.

Further, the defendant has disclosed that on November 15, 1984, it made an offer of judgment pursuant to Fed.R.Civ.P. 68, offering to allow judgment to be taken against it for $5,000.00 plus taxable costs. Since the offer exceeded the amount of the

judgment finally obtained by the plaintiff, the defendant urges the Court to exercise its discretion by either refusing to award any attorney fees to the plaintiff or by limiting them to legal services performed prior to the offer of judgment.

In reply, the plaintiff emphasizes that the defendant's violations of the Loan Participation Agreement were substantial and material.

Counsel for the plaintiff has filed itemized documentation of the attorney fees it charged and was paid by the plaintiff. The documentation reflects the date each service was rendered, the nature of the services, the time expended, the identity of the person or persons who performed the services and the hourly rate for the services. The senior partner billed at the rate of $125.00 per hour, another partner at $100.00 per hour, and associates at an hourly rate of $80.00.

The defendant has calculated that the plaintiff incurred $26,844.50 in attorney fees subsequent to the date of the offer of judgment. Subtracting that figure from the total of $49,228.50, the sum of $22,384.00 represents the sum of the attorney fees incurred prior to the offer of judgment. The defendant urges that $22,384.00 be considered by the Court as the upper limit of any attorney fee award to the plaintiff.

The parties agree that in a diversity action, such as this, state law governs the award of attorney fees. *See Shakey's, Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir.1983). NRS 18.010(2)(a) provided, at the time here pertinent, that the court may make an allowance of attorney fees to the plaintiff as prevailing party when the plaintiff has not recovered more than $10,000.00 (raised to $20,000.00 by the 1985 Nevada Legislature). The making of such an award is discretionary. *Schulz v. Lamb*, 591 F.2d 1268, 1272 (9th Cir.1978).

■ As to the plaintiff's request to recover $3,137.16 in expenses that are not taxable as costs, generally attorney fees are not costs unless made so by statute, which is not the case here. *See Mariner v. Milisich*, 45 Nev. 193, 200 P. 478, 479 (1921); *Monolith Portland Midwest Co. v. Kaiser Aluminum & C. Corp.*, 407 F.2d 288, 293 (9th Cir.1969). The Court did not find that the defendant herein acted in bad faith. An award for expenses would not be appropriate as part of the resolution of the plaintiff's motion for allowance of attorney fees.

■ A plaintiff may be considered the prevailing party for attorney fee purposes if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Lummi Indian Tribe v. Oltman*, 720 F.2d 1124, 1125 (9th Cir.1983). Here, the plaintiff succeeded in proving the most significant issue involved in the litigation; that is, that the defendant breached the Loan Participation Agreement. The plaintiff is the prevailing party.

Nevada cases are not too instructive as to the factors to be used in determining the amount of fee to be awarded. The relevance of the amount involved, the character of the services rendered, and the time expended has been noted. *Peccole v. Luce & Goodfellow, Inc.*, 66 Nev. 360, 212 P.2d 718, 728 (1949). Millions of dollars are involved in the transaction between the parties hereto. Skilled legal services were required in this vigorously contested case, which involved complex legal issues far removed from an ordinary action to enforce an agreement. The time expended by the plaintiff's attorneys was reasonably necessary for the effective prosecution of its claims.

Other factors that may be applicable are included in the so-called *Kerr* factors. They are listed in *Rivera v. City of Riverside*, 763 F.2d 1580, 1581 at n. 1 (9th Cir. 1985). One is the preclusion of other employment by the attorneys due to acceptance of the case. A law firm the size of the plaintiff's attorneys' cannot devote more than four hundred billable hours to a case without suffering in its ability to ser-

vice other clients at the same time. Another *Kerr* factor is whether the fee was fixed or contingent. An allowance may be more liberal in a contingent fee case, because the attorney gets nothing if his client doesn't prevail. Here, the plaintiff's attorneys were compensated by the hour, which weighs against anything but a moderate award.

The suggestion by the defendant that the Court, in the exercise of its discretion, allow no attorney fees to the plaintiff is rejected. This litigation arose from manifest breaches of agreement by the defendant. The plaintiff had good reason to worry about the safety of a very sizeable investment. Plain good business judgment called for the retention of local attorneys under the circumstances. *See City of Las Vegas v. Cragin Industries, Inc.*, 86 Nev. 933, 478 P.2d 585, 590 (1970).

A good starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart, supra*, 461 U.S. at 433, 103 S.Ct. at 1939; *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir.1985). The number of hours expended in this litigation by the plaintiff's attorneys was reasonable in light of the complexity and size of the case and its strongly contested nature. The hourly charges were well within the range of prevailing market rates in the Reno area for such employment.

The plaintiff's claims for relief involved related remedies potentially applicable to the same transaction. In such a case, where it has obtained substantial relief the fee award need not be reduced merely because it didn't prevail as to each of its contentions. *Rivera v. City of Riverside*, at 763 F.2d 1582. This lawsuit should not be viewed as a series of discrete claims. Rather, the focus should be on the significance of the relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Hensley v. Eckerhart*, at 461 U.S. 435, 103 S.Ct. at 1940. Thus, the extent of the plaintiff's success is a

crucial factor. *Transgo, Inc. v. Ajac Transmission Parts Corp., supra* at 1027. This is so even though there need not be a direct relationship between the amount of damages and the amount of attorney fees. *Rivera v. City of Riverside*, at 1583. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. *Hensley v. Eckerhart*, 461 U.S. at 440, 103 S.Ct. at 1943.

The plaintiff did enjoy significant success in this litigation. For example, of the twelve disputed issues of fact listed in the Pretrial Order, the plaintiff established nine. Of the fourteen issues of law listed in that Order, the plaintiff prevailed as to eight. Nevertheless, the relief he obtained was limited in comparison to the scope of the litigation. Because the claims for relief were so interrelated to a common factual setting, the Court cannot identify specific hours of time expended by the plaintiff's attorney that should be eliminated. Therefore, it will reduce the award to account for the limited success by exercising its equitable judgment in the light of the applicable considerations. *See Hensley v. Eckerhart*, at 436–437, 103 S.Ct. at 1941.

IT IS, THEREFORE, HEREBY ORDERED that the plaintiff's Motion to Assess Attorney Fees is GRANTED and the plaintiff is allowed the sum of $17,500.00 as a reasonable attorney fee.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in favor of plaintiff and against defendant in the said sum of $17,500.00 as and for a reasonable attorney fee.